## ACME CEMENT AND PLASTER COMPANY v. GREENSBORO WOOD FIBER PLASTER COMPANY.

(Filed 1 November, 1911.)

1. **Statute of Frauds—Third Persons.**
   The statute of frauds is not available as to third parties, and strangers to the transaction cannot avail themselves of this plea.

2. **Statute of Frauds—Contracts, Written—Lessor and Lessee— Registration—Lease—Evidence.**
   A written contract of lease of lands is good between the parties without registration, and a creditor of the lessee, who had thought he was selling the goods to the lessor, cannot avail himself of the want of registration of the lease, in his action against the lessor; and it is therein competent to prove the existence of the lease as a substantive fact.

3. **Lessor and Lessee—Lease—Fraud and Mistake—Notice to Vendor—Inquiry.**
   One dealing with a lessee of a business concern who, in the transaction, describes himself as lessee, has notice of such facts as will put him on reasonable inquiry that he is not dealing with the lessor, and the lessor cannot be held liable for goods sold and delivered to the lessee by mistake and without his authority, when he had not induced or misled the seller into making the transaction.

4. **Same—Partnership.**
   The principle which requires notice to be given of the retiring of a partner to those dealing with a partnership, to relieve him of liability from debts created thereafter by the firm, has no application to instances of a lease so as to require like notice to protect the lessor from debts thereafter made by his lessee.

APPEAL by plaintiff from *Daniels, J.,* at February Term, 1911, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Taylor & Scales for plaintiff.*
*Stern & Stern for defendant.*

CLARK, C. J.  In 1906 the plaintiff sold the defendant two car-loads of cement, for which the latter paid.  On 1 January, 1907, the defendant leased its property to one W. E. Cochran,

and went out of business. Thereafter said Cochran ordered four car-loads of cement from the plaintiff. The correspondence on Cochran's part was on letterheads bearing at the top the words "Greensboro Wood Fiber Plaster Company," and at the bottom the letters were signed "Greensboro Wood Fiber Plaster Company, W. E. Cochran, lessee." This signature was stamped with a rubber stamp, except the words "W. E. Cochran," which was written in pen and ink. The correspondence which the defendant company had had with the plaintiff was on letterheads which bore the words "Greensboro Wood Fiber Plaster Company," and in addition bore at the head the words "W. C. Bain, president; J. R. McClamroch, vice president; E. G. West, secretary, treasurer, and general manager," and was signed "Greensboro Wood Fiber Plaster Company, per E. G. West, secretary and treasurer." The letterheads of the defendant also described its business as "manufacturers of wall plaster," while that used by Cochran used the words "manufacturers of Blue Bell Wood Fiber Plaster."

This action is brought to recover of the defendant company the price of the four car-loads of cement shipped on the order of W. E. Cochran, lessee, in 1907.

The plaintiff excepted because the defendant was allowed to show by the witness West that it had leased its plant to Cochran on 1 January, 1907, and for this purpose offered in evidence the written lease. The plaintiff objected on the ground that it was a lease of the defendant's entire plant for a period of five years, consisting among other things of real estate, and, not having been recorded, it was void under the statute of frauds. The exception is not well taken. The statute of frauds is not available as to third parties, and strangers to the transaction cannot avail themselves of the statute. *Cowell v. Ins. Co.,* 126 N. C., 684; *Davis v. Ins. Co.,* 84 N. C., 396; *Green v. R. R.,* 77 N. C., 95. As to the plaintiff, the lease was a substantive fact which could be proven by the witness West. Besides, the lease was in writing. Revisal, 976. The registration required by Revisal, 980, has no application when, as here, the issue to be determined is whether the plaintiff is a creditor or not.

There are numerous other exceptions, but they practically depend upon the propositions that the defendant company should have granted the plaintiff's prayer for instruction, that it was incumbent upon the defendant company to notify the plaintiff that it had leased its plant to Cochran, and that not having done so, the defendant is liable for the goods bought by said Cochran.

The plaintiff contended that when a partner retires from a partnership, in order to relieve himself from liability on account of debts created thereafter by the firm, he must give actual notice of such retirement to such persons as have been accustomed to deal with the firm or must show that they had knowledge of such facts as would put the creditor on notice. And as to those not theretofore dealing with the firm, he must show public notice given of his retirement and that the same is true when the purchaser of a partnership business conducts it in the same name and style.

The defendant does not contest these propositions of law. It offered evidence that it did not authorize the defendant to use its name in the business and had no knowledge of the fact, and contended that the change in the former letterheads by omitting the names of the officers, and the change in the description of the business and that the signature "W. E. Cochran, lessee," instead of "per E. G. West, secretary and treasurer," were sufficient and full notice to the plaintiff that it was dealing with Cochran, and not with the defendant company.

The case is not analogous to that of a partnership where the business goes on in the same name. Here there was a lease of the entire business, and the defendant had no control or knowledge of the conduct of the lessee. It was not called upon to notify the plaintiff that it had gone out of business. It would only be responsible to the plaintiff if its conduct had been such as to induce the plaintiff to believe that Cochran was acting on its behalf or by its authority, notwithstanding he described himself as lessee or had misled the plaintiff to so believe.

The court properly charged the jury that the burden was upon the plaintiff to show that defendant by its conduct induced

plaintiff to believe that the person making the order for the four car-loads of cement had authority to make this contract, or by its conduct misled the plaintiff so that it believed that the defendant was responsible for the order.   The court could not instruct the jury, as requested by the plaintiff, to find the issue in favor of the plaintiff.   The signature of the orders, "W. E. Cochran, lessee," was sufficient notice to the plaintiff that it was not dealing with his lessor, the defendant company.   It was certainly sufficient to put the plaintiff on inquiry, and it and not the defendant company must suffer for the plaintiff's negligence.   It would be otherwise if the defendant had by its conduct induced or misled the plaintiff into believing that it was liable for purchases made by its lessee or had authorized him to make such purchases.   This view of the evidence was submitted to the jury by the court.

The lessor of a business does not stand in the same situation as a retiring partner, or the seller of a partnership business, who permits the business to be carried on in the same name and style as before.   There former dealers with the firm must be shown to have actual notice.   But when a business is carried on by a lessee, who describes himself as lessee, there is notice to all dealing with him that they are not dealing with the lessor.

The charge of his Honor is very full and explicit, the evidence is voluminous, and was doubtless fully argued to the jury. There seems to be very slight contradiction as to the facts.   We find

No error.