J. C. MANEY v. ANDREWS TANNING EXTRACT COMPANY.

(Filed 21 December, 1927.)

1. **Fraud—Statute of Frauds—Parol Contracts—Third Parties—Contracts —Deeds and Conveyances.**

     A verbal contract between plaintiff and defendant that the latter was to cut wood at an agreed price per cord, does not come within the statute of frauds, and is not affected by the fact that the defendant had not the legal title at the time of the cutting.

2. **Contracts—Damages—Evidence—Questions for Jury.**

     In this action to recover the plaintiff's profits on cutting cord wood at a certain price per cord within a limited time, evidence of the plaintiff's preparations and the prosecution of his work, and the number of trees upon the *locus in quo*, was sufficient to sustain the verdict and judgment thereon in his favor.

MANEY *v.* EXTRACT CO.

CIVIL ACTION, before *Shaw, J.,* at February Term, 1927, of BUN-
COMBE.

The plaintiff offered evidence tending to show that he made a verbal
contract with the defendant about April, 1925, to sell and deliver cer-
tain acid wood on a certain boundary of land in Graham County at a
stipulated price per cord. After making said contract the plaintiff pur-
chased by verbal contract the timber upon the boundary from Charles
F. Byrd, paying Byrd the sum of $1,250 therefor. Plaintiff received
no deed for said timber from Byrd, and under the agreement with Byrd
the timber was to be cut and removed by the 8th of December. After
the consummation of the agreement plaintiff began to cut and deliver
the wood to the defendant until about June or July, when the defend-
ant notified the plaintiff that he would not take any more wood except
at $5 per cord by reason of the fact that the price of wood had declined.
There was evidence tending to show that there was from fourteen hun-
dred to three thousand cords of wood upon the boundary, and the plain-
tiff had delivered to the defendant approximately two hundred cords.
The evidence tended to show that there was a profit of one dollar per
cord in all the wood upon the boundary. The defendant denied that he
had made contract with the plaintiff for any particular time or for any
specific amount of wood, but that he would pay the price specified for
such wood as plaintiff delivered until further notice.

Issues were submitted to the jury and answered in favor of the plain-
tiff. From judgment upon the verdict the defendant appealed.

*Roberts, Young & Lane for plaintiff.*
*Dillard & Hill and A. Hall Johnston for defendant.*

BROGDEN, J. There are two distinct groups of exceptions relied upon
by the defendant. The first group of exceptions grows out of the fact
that the plaintiff had no deed for the standing timber from which the
wood was to be cut and delivered to the defendant. The defendant ob-
jected to all evidence as to the purchase made by plaintiff from Byrd
and as to contracts which he made with parties to cut the wood from
the boundary. These exceptions were based upon the theory that plaintiff
could not acquire title to standing timber by verbal contract by virtue
of the application of the statute of frauds. It will be observed, how-
ever, that the defendant was not a party to the contract between the
plaintiff and Byrd from whom he purchased the timber. The authori-
ties are uniform in holding that "the statute of frauds is not available
as to third parties, and strangers to the transaction cannot avail them-
selves of the statute." *Cowell v. Ins. Co.,* 126 N. C., 684; *Bowen v.
Perkins,* 154 N. C., 449; *Plaster Co. v. Plaster Co.,* 156 N. C., 455.

47—194

The second group of exceptions is based upon the theory that there was no evidence to be submitted to the jury tending to show that the plaintiff would have cut and delivered a substantial quantity of said wood before the expiration of his contract. The evidence tended to show that upon the boundary purchased by plaintiff there was from fourteen hundred to three thousand cords of wood. Plaintiff testified that "he had several different parties of men who had contracts for said portions of this boundary; they had men helping them." There was other testimony to the same effect. While the testimony was to a certain extent indefinite, we cannot say, as a matter of law, that there was no testimony from which the jury would be warranted in drawing a reasonable inference as to the loss plaintiff sustained. The jury awarded the plaintiff $1,250 damages. There was ample evidence that there were over twelve hundred and fifty cords of wood upon the boundary at the time of the breach of the contract by the defendant. There was also ample evidence that the plaintiff had a profit of one dollar a cord under the terms of his contract. Upon the whole record we are of the opinion that the case was properly submitted to the jury and the judgment rendered is approved.

No error.