MICHAEL PAPPAS v. GUS CRIST, HARRY CRIST, W. L. KETCHUM, J. C. PETTEWAY, AND J. C. THOMPSON.

(Filed 2 June, 1943.)

**1. Trial § 22b: Appeal and Error § 40e—**

Upon motion for judgment of nonsuit after the evidence of both sides has been offered, the defendants' evidence, unless favorable to plaintiff, cannot be taken into consideration except, when not in conflict with plaintiff's evidence, it may be used to explain or make clear that which has been offered by plaintiff.

**2. Partnership § 6—**

False representations of one partner, for his own benefit and in fraud of the rights of his co-partner, ascertained in time by those with whom he dealt, will not afford a valid ground for defense to a suit by the partner so defrauded.

**3. Contracts §§ 16, 23—**

The execution, delivery and recording by the owners of a long term lease on premises, which they had contracted to lease to plaintiff, is such a renunciation of their agreement as to give plaintiff the right to treat it as a present breach and sue at once for damages.

APPEAL by plaintiff from *Bone, J.,* at October Term, 1942, of ORANGE. Reversed.

This was an action to recover damages for breach of contract to lease a portion of a building to the plaintiff.

The plaintiff, a resident of Orange County, alleged and offered evidence tending to show that in February, 1941, he and defendant Gus Crist entered into an agreement with defendants, Ketchum, Petteway and Thompson (hereinafter called lessors), to lease on completion a portion of a building then being erected by them in Jacksonville, North Carolina. The terms of the lease were agreed upon, a memorandum thereof was signed by the lessors, and the plaintiff made an advance payment of $25. Thereafter plaintiff incurred additional expense in making arrangements for occupying the premises. In May, 1941, shortly before the completion of the building, plaintiff learned that the lessors had executed a formal lease for five years on the premises to Gus and Harry Crist, and that this lease had been duly registered.

The defendants admitted the material facts, and alleged that, relying upon the false representation of Gus Crist that the plaintiff had surrendered his interest in the first agreement, they had executed and delivered to Gus and Harry Crist a five-year lease of the premises, and they offered evidence tending to show that after they learned of the falsity of the representations upon which they had acted they obtained cancellation of the lease and tendered possession of the premises to the plaintiff, who failed and refused to accept the same or to go on with the lease. Subsequently they renewed the lease to Gus and Harry Crist, who are now in possession.

Defendants' motion for nonsuit at the close of plaintiff's evidence was denied. But upon renewal of the motion at the close of all the evidence the motion was allowed, and judgment was entered dismissing the action. Plaintiff appealed.

*L. J. Phipps for plaintiff.*

*John D. Warlick for defendants W. L. Ketchum, J. C. Petteway and J. C. Thompson.*

*Albert J. Ellis for defendant, Gus Crist.*

DEVIN, J. The admissions in the pleadings and the evidence, in the main uncontradicted, reduce the inquiry to a narrow compass. It was

established that defendants, owners of a building, entered into an agreement with the plaintiff to lease to him and another certain premises then nearing completion, and that the plaintiff made the advance payment required. A written memorandum of the agreement was signed by the lessors. Subsequently, without the knowledge of plaintiff, the lessors executed and delivered a formal lease conveying the premises to others for the term of five years, and this lease was duly recorded. The plaintiff offered evidence that he had incurred expense in addition to the advance payment in preparation for occupation of the premises, and had suffered damages in other respects. Thus far the plaintiff's evidence went, and no farther. The motion for judgment of nonsuit was properly denied. The plaintiff had made out a *prima facie* case.

The defendants, lessors, thereupon offered evidence tending to show that though they had executed the lease conveying the premises to Gus and Harry Crist for a term of five years, they had done so in consequence of the false representation made to them by Gus Crist that the plaintiff Pappas had surrendered his interest in the first agreement, and that upon discovery of the falsity of this representation they had remedied the error into which they had unwittingly fallen by procuring cancellation of the lease, and had tendered possession of the premises to the plaintiff in accord with the terms of the agreement sued on, and plaintiff had failed to accept their offer.

At the close of all the evidence defendants' renewed motion for judgment of nonsuit was allowed. While the defendants' evidence, if accepted, would appear to constitute a defense, neither in his pleading nor in his testimony does the plaintiff admit those facts, and hence the defendants' evidence could not be considered on a motion for nonsuit. Under the rule only the plaintiff's evidence can be considered, and that in the most favorable light for him. *Yokeley v. Kearns, ante,* 196; *Newby v. Realty Co.,* 182 N. C., 34 (41), 108 S. E., 323. As was said in *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598, "In considering the last motion (for nonsuit), the defendant's evidence, unless favorable to the plaintiff, is not to be taken into consideration, except when not in conflict with the plaintiff's evidence, it may be used to explain or make clear that which has been offered by the plaintiff." *Gregory v. Ins. Co., ante,* 124, and cases cited. Manifestly, defendants' evidence which tends to defeat plaintiff's cause, to contradict his testimony, or to show a new and distinct defense cannot be considered on a motion for judgment of nonsuit. The weight and credibility of the evidence are matters within the exclusive province of the jury.

Whether the evidence offered by the defendants tending to show their effort to correct the error into which they had been led by Gus Crist and their tender of possession to the plaintiff would have entitled them to

an instruction in their favor, if these were found to be the facts, is not now presented.

It was suggested in defendants' brief that the plaintiff should be held bound by the representations of Gus Crist with whom he expected to go into business as a partner. But the false representations of one partner for his own benefit and in fraud of the rights of his co-partner, ascertained in time by those with whom he dealt, would not afford a valid defense on this ground. The representation of Gus Crist was in denial of his partnership with plaintiff and manifestly beyond the scope of any implied agency. Sec. 9, ch. 374, Public Laws 1941; 20 Am. Jur., 227.

Defendants' contention that plaintiff's action for damages for breach of contract should fail because instituted before the breach had been completed is negatived by the testimony. Here the owners had executed, delivered and put to record a formal long term lease of premises which they had promised, upon consideration, to lease to the plaintiff. This would seem to constitute an unequivocal and absolute renunciation of the entire agreement to make the lease to the plaintiff, and he had a right to treat it as a present breach and repudiation of the agreement made with him. *Slaughter v. Barnett,* 114 Fla., 352, 105 A. L. R., 460, annotations; *Bu-Vi-Bar Petroleum Corp. v. Krow,* 40 F. (2d), 488, 69 A. L. R., 1295, annotation 1303; *N. Y. Life Ins. Co. v. Viglas,* 297 U. S., 672 (681); *Roehm v. Horst,* 178 U. S., 1; 12 Am. Jur., 969-970; Am. Law Institute Restatements, Contracts, sec. 318.

In *Edwards v. Proctor,* 173 N. C., 41, 91 S. E., 584, *Walker, J.,* speaking for the Court, uses this language: "When parties enter into a contract for the performance of some act in the future, they impliedly promise that, in the meantime, neither will do anything to the harm or prejudice of the other inconsistent with the contractual relation they have assumed. . . . It has, therefore, been held (the Massachusetts Court dissenting from this view in *Daniels v. Newton,* 144 Mass., 530; 19 Am. Rep., 384) that if one party to the contract renounces it, the other may treat the renunciation as a breach and sue for his damages at once, provided the renunciation covers the entire performance to which the contract binds the promisor. 9 Cyc., 635, 636, and notes." *University v. Ogburn,* 174 N. C., 427, 93 S. E., 986; *Highway Com. v. Rand,* 195 N. C., 799 (805), 143 S. E., 851.

In 3 Williston on Contracts, section 1317, it is said: "Again it is often thought to allow a plaintiff to sue and recover full damages before the time for the completion of all the defendant's performance is to allow the doctrine of anticipatory breach, yet this is not the case. As soon as a party to a contract breaks any promise he has made, he is liable to an action. In such an action the plaintiff will recover whatever damages the breach has caused."

Without expressing any opinion as to the merits of the action, we conclude the motion for nonsuit was improvidently allowed, and that the judgment dismissing the action must be

Reversed.