LAWRENCE GATHINGS v. JOHN HENRY SEHORN.

(Filed 11 October, 1961.)

**1. Appeal and Error § 42—**

An exception to the charge will not be sustained when it clearly appears that the charge, construed contextually, presented the law of the case to the jury in such manner as to leave no reason to believe the jury could have been misled.

**2. Appeal and Error § 45—**

Appellant may not complain of alleged error in the charge in respect to an issue answered in appellant's favor.

**3. Automobiles § 42k—**

Conflicting evidence as to whether a construction worker had flagged plaintiff to a virtual stop and was hit when he turned his back to look for traffic from the opposite direction, or whether the workman had no flag in his hand, was standing with his back to plaintiff's car, and stepped backward into plaintiff's car without looking as plaintiff was driving his car slowly around a truck standing on the highway, *is held* to take the issue of plaintiff's contributory negligence to the jury.

APPEAL by plaintiff from *Craven, S.J.*, at April 1961 Special Civil Term of GASTON.

Civil action to recover damages for personal injuries.

Plaintiff, in his complaint, alleges, among other things, that on 21 February 1959, he was employed as a flagman on a construction crew working on Sugar Creek Road in Charlotte, North Carolina; that when so employed, he held a large red flag in his hand and directed traffic around a spot in the road where a gas pipeline was being installed; that on said date defendant, while driving in an easterly direction on said road, approached the spot where plaintiff was standing and holding a large red flag in a manner clearly visible to approaching traffic; that defendant suddenly and without any warning proceeded to drive his automobile into the plaintiff, knocking plaintiff down and injuring him; that the accident was proximately caused by defendant's negligence in that defendant: (a) Failed to maintain a

proper lookout; (b) failed to exercise due care to avoid colliding with a person upon a public highway, and failed to give warning by sounding his horn when necessary, and failed to exercise proper precaution while operating his automobile in violation of G.S. 20-174 (e); (c) failed to exercise due care in operating his automobile in violation of G.S. 20-140; (d) failed to exercise due care in the operation of his automobile in an area which was under construction, and where men were working; and (e) failed to maintain proper control over his vehicle under the road conditions then existing; and that plaintiff has been damaged in the sum of $50,000 as a result of defendant's negligence.

Defendant, in his answer, denies the material allegations of the complaint and specifically denies that plaintiff was working as a flagman at the time complained of.

As a further answer and defense, defendant alleges among other things that he was not negligent, and that any injury which plaintiff may have sustained was a proximate result of plaintiff's contributory negligence in that: (a) Plaintiff failed to keep a proper lookout; (b) plaintiff stepped backward into the side of defendant's automobile without first observing whether or not not such step could be made in safety; (c) plaintiff negligently placed himself in a hazardous position; and (d) plaintiff negligently failed to yield right of way to defendant who had the right of way.

At the trial in the court below plaintiff offered evidence tending to show, among other things, that on 21 February 1959, defendant was operating a 1952 Studebaker in an easterly direction and in the right-hand lane of Sugar Creek Road. The weather on that day was clear, and the road straight for four to six hundred feet up to the area where a construction crew was laying pipe on the shoulder of the road. The road is 18 feet wide where the collision took place, and it has a blacktop surface. The shoulders there are six feet wide each, and the speed limit there is 45 miles per hour. One yellow "caution" sign had been put out by the construction company facing the direction from which defendant came.

Plaintiff was employed by the construction company as a truck driver and on the date in question he was engaged in directing traffic on Sugar Creek Road by means of a red signal flag. At about 4:30 P.M., defendant's car came down the road. Plaintiff flagged him to stop, and he came to an almost dead stop. Plaintiff then turned his back to defendant to see if anything was coming from the other direction, and suddenly felt defendant's car hit him in the back, knocking him a distance of 5 or 6 feet, and throwing him against a dump truck which was being unloaded on the shoulder of the road. At the time

he was struck, plaintiff was standing 3 or 4 inches from the center line of the road, which line was 4 to 5 feet from the side of the aforesaid dump truck. The superintendent for the construction company testified that defendant told him after the collision that he had not seen the flagman, and that the flagman had stepped out into the road into his car. Plaintiff offered evidence of injuries which he sustained as a result of the collision, and rested.

Defendant, because of a heart condition, was unable to attend the trial, but offered as evidence the testimony of his wife which tended to show that she was a passenger in car driven by defendant on the afternoon in question. They were returning home along Sugar Creek Road toward Charlotte in a sort of southeasterly direction. Defendant stopped about 15 feet in front of the truck that was working on the side of the road and waited about five minutes until oncoming cars passed, because he couldn't proceed around the truck without crossing the white line. When the cars had passed, defendant proceeded at about two miles per hour. At the time, plaintiff was standing near the front bumper of the dump truck with his back toward the center of the road and his face turned away from defendant's car. Just as the car was opposite plaintiff, he took a step back without looking around at all, and his hips hit the side of the car between the headlight and the right side door.

The witness further testified that she did not see anything in the hands of plaintiff. She never saw a red flag in his hands. There were a lot of workmen near the truck along the edge of the road. "Mr. Gathings did not signal us to come on; he wasn't looking at us. He didn't signal us to stop. I saw him there."

At the close of all the evidence and upon the charge of the court, the following issues were submitted to the jury and were answered as indicated:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: _____."

Upon the coming in of the verdict, plaintiff moved to set aside the verdict and specifically to set aside the answer of the jury to the second issue. The motion was overruled and judgment was entered that plaintiff recover nothing of defendant, and that he be taxed with the costs of the action. From the signing of this judgment, plaintiff appeals to Supreme Court and assigns error.

*Dolley & DuBose for plaintiff appellant.*
*Hollowell & Stott for defendant appellee.*

WINBORNE, C.J.   The plaintiff contends that the judge below committed prejudicial error in his charge to the jury in that he included the plaintiff's requested instruction on the issue of contributory negligence in the portion of his charge relative to the first issue, or defendant's negligence. This, the plaintiff contends, confused and misled the jury.

We cannot agree with this contention. The record reveals that the trial judge did explain a portion of the law relative to contributory negligence while discussing negligence, but the record also reveals that the judge made it clear to the jury that he was at that moment discussing "contributory negligence, which I will come to in the next issue." As this Court has often stated: "The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe it was misled or misinformed with respect thereto." *In Re Will of Crawford,* 246 N.C. 322, 98 S.E. 2d 29; *Barnes v. Caulbourne,* 240 N.C. 721, 83 S.E. 2d 898; *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356.

Plaintiff further assigns as prejudicial error the failure of the judge to charge the jury with reference to G.S. 20-174 (e) which provides that, "every driver of a motor vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary."

However, as was indicated in *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484, this section of G.S. 20-174 states the common law rule of negligence. Since the jury found that defendant was negligent, failure to charge specifically on this statute would not be prejudicial to plaintiff.

Finally, plaintiff contends that the court erred by submitting the question of contributory negligence to the jury. We find no merit in this contention.

In *Kellogg v. Thomas,* 244 N.C. 722, 94 S.E. 2d 903, the facts were similar to those in the instant case. In that case the trial court held the plaintiff-workman guilty of contributory negligence as a matter of law and granted nonsuit. On appeal, this Court, speaking through *Parker, J.,* outlined the rights and duties of a workman working upon a highway, and held that the issue of contributory negligence should have been submitted to the jury. In the present case the issue of contributory negligence was submitted to the jury, there being sufficient evidence to justify a finding either for or against plaintiff. Since the

jury found that plaintiff was guilty of contributory negligence, it would seem that plaintiff has had his day in court.

The case was fairly tried; the jury received proper instructions and rendered its verdict against plaintiff. We find no prejudicial error.

No error.