E. J. MATHIS, DOING BUSINESS AS ASHEVILLE ELEVATOR SERVICE, v. MORLEY SISKIN, AND JACK SCHULMAN AND WIFE, EVELYN SCHULMAN.

(Filed 21 September, 1966.)

**1. Contracts § 1—**

Where, in an action for breach of contract, plaintiff introduces the contract in evidence, specifying that the owner agreed to pay for the proposed work, and introduces evidence that the agreement was signed for the owner by the owner's duly authorized agent, and that the owner breached the contract, the owner's motion to nonsuit is correctly denied, and the owner's conflicting evidence that the agent was not authorized to execute the contract for him, raises a question for the jury.

**2. Evidence § 23.1—**

The admission of testimony of a telephone conversation by plaintiff with defendant relative to the contract in suit will not be held for prejudicial error when defendant does not aptly seek permission to examine plaintiff as to the identification of the caller, and plaintiff's later testimony on cross examination that he did not know defendant's voice well enough to identify it positively it goes to the credibility of plaintiff's earlier identification of the caller, but does not require allowance of defendant's motion to strike the direct testimony.

**3. Principal and Agent § 4—**

While extra-judicial declarations of a purported agent are not admissible to show the existence of the agency or the extent of the agent's authority, the agent himself is competent to testify that he was authorized by the principal to make the contract in question and that he made it in the principal's behalf.

**4. Same—**

The fact that the court interpolates a statement relating to the test for determining the principal's liability for the agent's tort between correct and adequate statements of the law governing the liability of a principal upon a contract made for him by the agent, is not prejudicial error in an action for breach by the principal of the contract it appearing that the charge, as a whole, was not misleading.

**5. Contracts § 21—**

Where the court clearly states what acts by defendant constitute a breach of contract by repudiation of it in advance of an attempt by plaintiff to perform, an excerpt from the charge containing an inaccurate definition of an anticipatory breach of a contract is not prejudicial.

**6. Appeal and Error § 38—**

Assignments of error not supported by authority or discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant Jack Schulman from *Martin, S.J.,* March 1966 Session of BUNCOMBE.

This is a suit for damages for breach of contract. The complaint

alleges that the plaintiff and Siskin executed a written contract, a copy being attached to the complaint and designated "Plaintiff's Exhibit A." It is alleged that, in the execution of the contract, Siskin was acting individually and also as agent for and on behalf of the Schulmans. The document so attached to the complaint states that it is a contract by and between the plaintiff "and MORLEY SISKIN, managing agent of the HOTEL ASHEVILLE * * * which said property is owned by Jack Schulman and wife, Evelyn Schulman, hereinafter known as OWNER"; that the plaintiff has agreed to furnish and erect an elevator, pursuant to certain specifications, for the price of $12,942; that the "OWNER" agrees to pay 75 per cent upon the plaintiff's receipt of the equipment ordered by him, and the balance upon completion of the installation; and that, should the plaintiff be unable to complete the installation by reason of the willful default of the "OWNER," the entire balance of the contract shall become due and payable with interest. The complaint then alleges that, after the execution of the contract, the plaintiff ordered the necessary equipment and did work preparatory to installing the elevator; that the plaintiff was then told by Jack Schulman that he was cancelling the order and that upon arrival of the equipment the defendants refused to permit the plaintiff to install the elevator and thereby broke the contract, to his damage.

The document designated "Plaintiff's Exhibit A" in the record filed in this Court is not a contract but only a set of specifications. However, this Court is advised by the Clerk of the Superior Court of Buncombe County that the document attached originally to the complaint included also the document now designated "Plaintiff's Exhibit A-1," its parts having been separated at the trial for introduction in evidence. Consequently, the record is considered as if it showed both of these documents attached to the complaint under the designation "Plaintiff's Exhibit A" and no question of variance between allegation and proof arises on this account.

The Schulmans filed an answer denying all material allegations in the complaint.

Before trial, a judgment of voluntary nonsuit was entered as to the defendant Siskin and, at the close of the plaintiff's evidence, a judgment of involuntary nonsuit was entered as to Evelyn Schulman, Jack Schulman's motion for such judgment being denied.

The jury found that Siskin executed the contract as agent of Jack Schulman and within the scope of his authority, that Jack Schulman broke the contract, and that the plaintiff is entitled to recover $5,000. From judgment in accordance with the verdict Jack Schulman appeals.

The plaintiff's evidence consisted of the testimony of the plain-

tiff, the deposition of Morley Siskin, and plaintiff's Exhibits A, A-1, B, and 6, together with other exhibits not now material. Exhibit A-1 consists of the contract. Exhibit A consists of the specifications referred to in Exhibit A-1. Exhibit B, introduced without objection, consists of a written statement by Siskin to the effect that Jack Schulman knew of Siskin's negotiations with Mathis and of the final contract resulting therefrom, and instructed Siskin to have the contract prepared and to sign it for him.

The plaintiff testified, in substance, that his negotiations were with Siskin; that after the contract was signed he ordered the specified equipment and materials; on 11 November, while these were in transit to him, Jack Schulman telephoned him and cancelled the order; he returned to his suppliers that part of the equipment for which they would allow him credit; other items could not be reused or returned for credit; had he been allowed to perform the contract it would have cost him about $9,878 to install the elevator; taking into account credits received on returned materials, labor costs not incurred because of the breach and lost profits, his total damages were $5,780.02.

Siskin testified by deposition to the effect that he and the Schulmans had discussed the need for a new elevator in the hotel; they told him to go ahead and take care of the details; they saw, knew of and approved the contract with the plaintiff, both as to form and content, and instructed Siskin to sign it; in the negotiations with the plaintiff he was representing Mr. and Mrs. Schulman and so informed the plaintiff; Schulman told Siskin he had cancelled the installation of the elevator because of his financial circumstances, this being about the time of the telephone call as to which the plaintiff testified.

Jack Schulman testified, in substance, that he and his wife are the owners of the hotel; he had no conversation with the plaintiff concerning the installation of an elevator; he did not authorize Siskin to enter into any contract on his behalf concerning an elevator; he did not know the contract was being prepared; he received a letter from the plaintiff's attorney (plaintiff's Exhibit 6, dated 14 November) referring to the above mentioned telephone call cancelling the contract, and advising that suit would be entered if he did not permit the installation of the elevator to proceed; he did not reply to this letter.

Mrs. Schulman testified that she did not at any time authorize Siskin to enter into any contract on her behalf with reference to the elevator, and Siskin never showed her the contract on which the plaintiff sues.

*Prince, Jackson, Youngblood & Massagee; Williams, Williams & Morris by Ann H. Phillips and William C. Morris, Jr., for appellant.*

*Van Winkle, Walton, Buck & Wall by O. E. Starnes, Jr., for appellee.*

LAKE, J. There was no error in the denial of Jack Schulman's motion for judgment of nonsuit. The contract states expressly that the "Owner" agrees to make payments of the purchase price and identifies "Owner" as Jack Schulman and wife. Siskin testified that he was acting as Schulman's agent and Schulman instructed him to have this contract prepared and to sign it for him. The plaintiff testified that Schulman telephoned him and cancelled the contract the day before the equipment arrived. Siskin corroborated this. The plaintiff's Exhibit 6, a letter written by his attorney to Schulman three days after the telephone conversation, was an election by the plaintiff to treat Schulman's anticipatory renunciation of the entire contract as an immediate breach and to sue for damages. See *Pappas v. Crist,* 223 N.C. 265, 25 S.E. 2d 850; *Edwards v. Proctor,* 173 N.C. 41, 91 S.E. 584. The plaintiff testified specifically as to the damages sustained by him as a result of the breach. Thus, the plaintiff's evidence, taken to be true and considered in the light most favorable to him, as it must be upon a motion for judgment of nonsuit *(Insurance Co. v. Sprinkler Co.,* 266 N.C. 134, 146 S.E. 2d 53), is sufficient to establish each element of his alleged cause of action against Jack Schulman. The latter's testimony contradicting the plaintiff's evidence as to these various matters raised a question for the jury, which the jury resolved in favor of the plaintiff.

Upon the circumstances shown in this record, there was no error in admitting the testimony of the plaintiff that he had a telephone conversation with Jack Schulman in which Schulman stated he was cancelling the contract. Testimony by the recipient of a telephone call as to the nature of the conversation is not admissible, over objection, without identification of the other party to the conversation by some means other than such party's own statement of his name in the course of the call. *Manufacturing Co. v. Bray,* 193 N.C. 350, 137 S.E. 151. However, when the plaintiff testified that he received a telephone call from Jack Schulman, the defendant did not seek permission to examine the plaintiff as to the identification of the caller before the plaintiff proceeded to testify as to the content of the conversation. Under these circumstances, it was not error to permit the plaintiff to testify as to what the caller said in that conversation. Plaintiff's testimony thereafter, on cross examination, that he had talked to Jack Schulman previously, but not on the telephone, that he did not know Schulman's voice well enough to

know *positively* that it was Schulman who had called, and that all he *knew* about it was that someone, who said he was Jack Schulman, called him, would go to the credibility of his earlier testimony identifying the caller, but would not require the allowance of the defendant's motion to strike the direct testimony concerning the content of the conversation. See Stansbury, North Carolina Evidence, § 96. Furthermore, the plaintiff's identification of the person talking to him on the telephone is corroborated by the deposition of Siskin stating that, about the date of this telephone call, Schulman told Siskin he had cancelled the installation of the elevator.

There is no merit in the numerous exceptions to the rulings of the court permitting Siskin to testify that he was acting in the negotiations of this contract as agent for Schulman and that Schulman authorized him to make the contract. While extra-judicial declarations of a purported agent are not admissible to show the existence of the agency or the extent of his authority to contract, the alleged agent is competent to testify that the agency existed, that he was authorized by the principal to make the contract in question, and that in making it he was acting as such agent in the principal's behalf. *Sealey v. Insurance Co.*, 253 N.C. 774, 117 S.E. 2d 744.

The court's instruction to the jury that "[A]n agent is acting in the course of his authority of his agency, when he is engaged in that which he was employed to do and is at the time about his principal's business," standing alone, would not be a correct statement of the test of an agent's authority to bind the principal by contract. This statement relates to the test for determining the principal's liability for the agent's tort. However, this statement in the charge is preceded and followed by correct and adequate statements of the law governing the liability of the principal upon a contract made for him by an alleged agent. Thus, when the entire charge is considered, we are of the opinion that the jury could not have been misled by the portion to which the defendant has excepted. The exception is, therefore, overruled. *Gathings v. Sehorn*, 255 N.C. 503, 121 S.E. 2d 873; *In Re Will of Crawford*, 246 N.C. 322, 98 S.E. 2d 29; *Barnes v. Caulbourne*, 240 N.C. 721, 83 S.E. 2d 898; *Vincent v. Woody*, 238 N.C. 118, 76 S.E. 2d 356.

The defendant also excepts to the court's instruction that "[T]he breach which is alleged is what is known as an anticipatory breach, that is, a breach of the contract while the contract was still executory, before either side had performed it in full." While, as the defendant contends in his brief, this is not an accurate definition of an anticipatory breach of a contract, it does not appear that the defendant has been prejudiced in any way by this inaccuracy. The context in which this statement appears in the charge includes a

statement of sufficient clarity as to what acts by Schulman would constitute a breach of the contract by repudiation of it in advance of an attempt by the plaintiff to perform so as to make such attempt by the plaintiff unnecessary. The portion of the charge to which this exception is directed is not, in our opinion, prejudicial error justifying a new trial of this action and this assignment of error is, therefore, overruled.

The remainder of the appellant's 81 assignments of error are deemed abandoned since his brief contains no authority or discussion relating thereto. Rule 28 of the Rules of Practice in the Supreme Court.

No error.