GODWIN BUILDING SUPPLY CO., INC., v. MARY N. HIGHT.

(Filed 23 November, 1966.)

**1. Appeal and Error § 22—**

Where there are no exceptions to any finding by the trial court, an assignment of error that the evidence was insufficient to support the findings is ineffectual and does not present this question for review.

**2. Husband and Wife § 3—**

Where there is no evidence that the husband purported to act as agent of the wife in the purchase of certain building materials or that she ratified the purchase or received any benefit therefrom, the purchase price of such material may not be credited by the seller upon his contract to purchase land from the wife.

APPEAL by plaintiff from *Bailey, J.,* at the 16 June 1966 Civil Session of HARNETT.

This is a suit for the specific performance of a contract to convey land. By consent, it was tried by the judge without a jury. No exception was entered to the court's findings of fact. From these the court concluded that the plaintiff was entitled to specific performance, and thus to the conveyance to it of the land in question, upon the payment to the defendant of a specified amount.

The findings of fact may be summarized as follows:

The defendant and her husband owned the land in question as tenants by the entirety. They entered into a lease agreement with the plaintiff, which granted to the plaintiff the option to purchase the land for $12,000 and provided that there should be credited upon such purchase price payments made by the plaintiff upon a then existing note made by the defendant and her husband to a third party and secured by a deed of trust upon the land. Thereafter, the husband alone came to the plaintiff's place of business and contracted for the purchase of certain building materials, which the plaintiff sold and delivered to him upon his written agreement that the agreed price of these goods would be applied upon the price to be paid by the plaintiff for the land as specified in the option. The defendant was not a party to the purchase of such materials or to the agreement for credit upon the option price of the land. The husband of the defendant then died so that she became the sole owner of the land, subject to the above mentioned deed of trust and to the plaintiff's option.

Upon these facts the court concluded, as matters of law, that the plaintiff is entitled to specific performance by the defendant upon the payment to her of $12,000, less the amounts which had been paid by the plaintiff upon the said note secured by the deed of trust, and less the balance remaining due upon such note. Thus the court concluded that the plaintiff was not entitled to a credit upon the option price of the land on account of the materials sold by the plaintiff to the now deceased husband of the defendant.

*Howard G. Godwin for plaintiff appellant.*
*W. A. Taylor for defendant appellee.*

PER CURIAM. Since there is no exception in the record to any finding of fact by the trial court, that portion of the plaintiff's assignment of error relating to the sufficiency of the evidence to support the findings does not bring this question before us. *Cooperative Exchange v. Scott,* 260 N.C. 81, 132 S.E. 2d 161. However, we note that all of the findings of fact made by the trial court have ample

support in the evidence and, therefore, would be conclusive upon appeal to this Court even if exceptions thereto had been duly entered. *Milk Producers Co-op v. Dairy*, 255 N.C. 1, 22, 120 S.E. 2d 548.

The defendant's husband was not her agent by virtue of the marital relationship. *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828. One who seeks to enforce against an alleged principal a contract made by an alleged agent has the burden of proving the existence of the agency and the authority of the agent to bind the principal by such contract. *O'Donnell v. Carr*, 189 N.C. 77, 126 S.E. 112. Here, there is no evidence of such authority, real or apparent, in the defendant's husband to contract on her behalf to credit the purchase price of the building materials upon the purchase price of the land. There is no evidence that the husband purported so to contract on behalf of the defendant or that, if he did, she ratified the arrangement or received any benefit therefrom.

Affirmed.