CHARLES B. SIMMONS, SR. AND WIFE, SYLVIA W. SIMMONS, v. HUGH MORTON, AGNES M. MORTON AND AGNES M. COCKE.

(Filed 22 May 1968.)

**1. Principal and Agent § 4—**

In an action to enforce against an alleged principal an agreement made by an alleged agent, nonsuit is proper in the absence of proof of the existence of the agency.

**2. Frauds, Statute of § 9;    Easements § 1—**

In an action to restrain defendants from constructing apartment buildings or a shopping center upon certain property in violation of an alleged agreement to use the property solely for residential purposes, the right claimed is a negative easement which is required by the Statute of Frauds,

G.S.22-2, to be in writing, and where the evidence shows the alleged agreement rests in parol, nonsuit is proper.

APPEAL by plaintiffs from *Mintz, J.*, at the November 1967 Civil Session of NEW HANOVER Superior Court.

This is a civil action brought by plaintiffs, husband and wife, to enjoin the defendants from constructing apartment buildings or a shopping center on any portion of an undeveloped tract of land containing approximately sixty acres and owned by the *feme* defendants. Defendant Agnes M. Morton is the mother, and defendant Agnes M. Cocke is the sister of defendant Hugh Morton.

Plaintiffs reside in a home they own in Long Leaf Hills Subdivision, which home they built on a lot they purchased from defendant Hugh Morton and his wife on 14 January 1965. The sixty-acre tract above referred to is triangular in shape and is located in the intersection of Shipyard Boulevard and N. C. Highway No. 132 in New Hanover County. Long Leaf Hills Subdivision is adjacent to the tract, and plaintiffs' lot is located some six hundred feet from the tract.

Plaintiffs contend that defendant Hugh Morton on 14 January 1965, as well as prior to and subsequent to said date, was acting as agent of the *feme* defendants; that at the time plaintiffs purchased their lot, Mrs. Lucy B. Johnson, secretary for defendant Hugh Morton, while in the presence or hearing distance of her employer, made specific representations and promises to the plaintiffs to the effect that the sixty-acre tract would be developed for single-unit residences and would not be developed for commercial purposes. Plaintiffs further contend that they relied upon the representations of Mrs. Johnson and by reason thereof purchased their lot and built their home thereon. Plaintiffs contend that they will suffer irreparable damage if a shopping center or an apartment building is erected on the sixty-acre tract and ask for injunctive relief.

The defendants filed answer in which they denied that Lucy B. Johnson made the representations alleged by plaintiffs, denied any knowledge of any representations made by Mrs. Johnson, denied any authority of Mrs. Johnson to make representations for them, denied any authority of defendant Hugh Morton to make representations affecting the *feme* defendants' sixty-acre tract, and also pleaded the statute of frauds as an affirmative defense.

Plaintiffs' application for a temporary restraining order was denied by Cowper, J. The case was heard on its merits before Mintz, J., and a jury. At the close of the plaintiffs' evidence, the court sustained a motion by defendants for judgment as in case of nonsuit. Plaintiffs appealed.

*Aaron Goldberg and James L. Nelson, Attorneys for plaintiff appellants.*

*Hogue, Hill & Rowe by William L. Hill, II, Attorneys for defendant appellees.*

BRITT, J. Although plaintiffs make thirteen assignments of error, their crucial assignment is that the trial court committed error in allowing defendants' motion for judgment as in case of nonsuit. We hold that the trial court properly allowed defendants' motion.

Defendants contend that plaintiffs failed to show agency between Mrs. Lucy B. Johnson and the defendants, particularly the *feme* defendants; they also contend that plaintiffs' attempt to impose a negative easement by oral agreement is in violation of the statute of frauds and is not enforceable.

Plaintiffs attempted to allege two causes of action which are substantially the same, in that they allege an oral agreement or promise by the secretary of the defendant Hugh Morton to place a negative easement on property owned by the *feme* defendants, and seek to enjoin all defendants from erecting an apartment house or shopping center on the sixty acres of land in question.

Plaintiffs failed to carry the burden of proof on the issue of agency. They failed to show that defendant Hugh Morton was the agent of the *feme* defendants; consequently, the acts of an employee of defendant Hugh Morton could not be imputed to the *feme* defendants.

"The plaintiff has the burden of proving that a particular person was at the time acting as a servant or agent of the defendant. An agent's authority to bind his principal cannot be shown by the agent's acts or declarations. This can be shown only by proof that the principal authorized the acts to be done or that, after they were done, he ratified them." Lee, N. C. Law of Agency and Partnership, § 20. One who seeks to enforce against an alleged principal a contract made by an alleged agent has the burden of proving the existence of the agency and the authority of the agent to bind the principal by such contract. *Supply Co. v. Hight,* 268 N.C. 572, 151 S.E. 2d 50; *O'Donnell v. Carr,* 189 N.C. 77, 126 S.E. 112. A family relationship creates no presumption of agency between members of the family. *Supply Co. v. Hight, supra.*

"One who deals with an agent must, to protect himself, ascertain the extent of the agent's authority." Rodman, J., speaking for our Supreme Court in *Nationwide Homes v. Trust Co.,* 262 N.C. 79, 136 S.E. 2d 202.

"The burden of establishing the relation of principal and agent

between defendant and said real estate agent is upon plaintiff. The relation can arise only from a contract between the parties, express or implied. * * * The law will not imply such a contract unless the same is clearly established by the facts." *O'Donnell v. Carr, supra.*

Defendants' motion for judgment as of nonsuit was proper also for that the alleged representations or restrictions were in violation of the statute of frauds.

Many of the legal questions involved here were thoroughly discussed by Varser, J., speaking for our Supreme Court in *Davis v. Robinson,* 189 N.C. 589, 127 S.E. 697. The following excerpts from the opinion are pertinent: "Plaintiffs' prayer for injunctive relief presupposes an easement in favor of their lots and a servitude in the defendants' lots. * * * An easement is an incorporeal hereditament, and is an interest in the servient estate. * * * Negative easements are those where the owner of a servient estate is prohibited from doing something otherwise lawful upon his estate, because it will affect the dominant estate. * * * An easement, being a hereditament, is expressly included within this statute (the statute of frauds). * * * Negative easements are within the Statute of Frauds and cannot be proved by parol." Since its rendition, this decision has been cited many times. See *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892.

The pertinent portion of our statute of frauds, G.S. 22-2, provides as follows: "All contracts to sell or convey any lands, tenements or *hereditaments,* or any interest in or concerning them, * * * shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." (Emphasis ours).

Plaintiffs' contentions regarding the representations and promises of Mrs. Johnson would tend to establish a negative easement, which, under the decisions of our Supreme Court, clearly comes within the statute of frauds.

In *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196, Denny, J. (later C.J.), speaking for the court, sets forth the three ways in which the statute of frauds may be taken advantage of. The second method is as follows: "The contract, as alleged, may be denied and the statute pleaded, and in such case if it 'develops on the trial that the contract is in parol, it must be declared invalid.' "

The evidence in the case at bar showed that the alleged contract was in parol; therefore, the Superior Court properly declared it invalid.

In view of the foregoing, we do not deem it necessary to consider the other assignments of error made by plaintiffs.

The judgment of the Superior Court is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.