JUANITA J. CAMBY, ADMINISTRATRIX OF THE ESTATE OF DONNIE MAX CAMBY v. SOUTHERN RAILWAY COMPANY AND WALTER BYNUM BODENHAMER, JR.

------

MADELYN S. WRIGHT, ADMINISTRATRIX OF THE ESTATE OF SHERRI WRIGHT CAMBY v. SOUTHERN RAILWAY COMPANY AND WALTER BYNUM BODENHAMER, JR.

No. 7828SC190

(Filed 16 January 1979)

**Railroads § 5.7 — crossing accident — summary judgment — jury questions as to negligence and contributory negligence**

In this action to recover for the deaths of two occupants of an automobile struck by defendant's train at a grade crossing, the trial court erred in entering summary judgment in favor of defendant railroad where there was a conflict in the evidence requiring a determination of the credibility of the witnesses as to who was driving the automobile and whether the train whistle blew as it approached the crossing, and where the rule of the reasonably prudent man was to be applied in determining whether the engineer was negligent in the operation of the train, whether the automobile driver was contributorily negligent, and whether defendant's agent was negligent in giving a signal for the train to proceed toward the crossing.

APPEAL by plaintiffs from *Thornburg, Judge.* Judgment entered 17 December 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 5 December 1978.

These two actions for wrongful death were consolidated for trial. Defendants moved for summary judgment in each case. Defendants and plaintiffs submitted affidavits and other materials which were considered by the trial court.

Defendants' evidence offered in support of the motions for summary judgment tends to show the following: there was a collision between the front of the lead engine of freight train No. 163 of defendant railroad and a 1974 Buick automobile occupied by Donnie Max Camby and his wife, Sherri Camby; the collision occurred about 10:40 a.m. on 14 January 1977 at an on-grade crossing where the east-west main line of the railroad intersects with Dennis Street at Swannanoa, North Carolina; Dennis Street at the intersection runs north and south; the automobile was proceeding north on Dennis Street, the train was going west; Rhonda Gail Robinson and Billy Joe Robinson were in a car near the crossing; Rhonda could see that Donnie Max Camby was driving the Buick, but Billy Joe could not say who was driving, although he saw two people in the Buick; Rhonda did not see the driver look either to the left or right before the collision; they could hear the gong of the crossing signal and see the lights blinking; they heard the train whistle blow one time before the accident; the Buick was going about 10 m.p.h. and did not stop before the collision; there was a gondola car and a box car parked on a parallel storage track about 150 feet west of the crossing; from Dennis Street on the south side of the track, one has vision of the track to the east for 250 yards; the train was going between 35 and 40 m.p.h.; the Buick was owned by Samuel Ernest Camby; the weather was clear and visibility good; there was a building south of the crossing and east of Dennis Street, 103′5″ south of the main line track; there were four signal lights south of the main line track, one of the four faced due south, one faced east, and two faced northwest; there were four signal lights north of the main line track, two faced southeast, visible to northbound traffic on Dennis Street approaching the crossing; the bell or gong was operating; the signal light facing due south, located south of the track, was not operating; there were two public crossings about 2,000 feet east of Dennis Street; the train blew two long blasts, one short blast,

and one long blast for each of these crossings; the same warning was begun about 800 feet east of Dennis Street and continued to impact; the engineer did not see the Buick before impact; the engine headlight was on and the bell ringing; after the wreck Donnie Max Camby was found pinned under the steering wheel with a foot hung under the brake pedal; Sherri Camby was outside the automobile on its right side; railroad agent Hensley knew the signal light south of the main line was out when he gave the green signal for the train to proceed toward the crossing; Hensley's station was located just west of the Dennis Street crossing; a diagram of the crossing was offered.

Plaintiffs' evidence opposing the motions tends to show: Samuel Camby owned the Buick automobile; Donnie Max Camby was his grandson, and he knew Donnie's driver's license was suspended; he told Sherri Camby not to let Donnie drive his car, that she was to drive it; Donnie and Sherri came to his house the morning of the collision; he gave Sherri permission to drive the car and put her in charge of the car; one could drive from his home to the crossing in three or four minutes; the light facing south on the south side of the crossing was not working the day before the accident; Donnie and Sherri walked to his house the morning of the collision; Mrs. Samuel Camby saw Donnie and Sherri leave in the Buick car and Sherri was driving; Sherri said they were going to get his check, get groceries, and eat breakfast; Donnie and Sherri left the Camby home two or three minutes before the collision, they were struck by the train within two minutes after they left the house; Billy Joe Robinson did not hear the train whistle blow until it hit the car; the car was scattered all around; the car stopped about 100 feet from impact; both occupants were in the front section of the car after the collision; the car turned around four or five times and the rear seat was thrown out; the car was completely demolished; Jeffrey Lynn Peterson was working in a warehouse south and west of the crossing and did not hear the train whistle at the time of the collision.

The trial court entered an order finding facts, making conclusions of law, and allowed the motions for summary judgment and dismissed the actions. Plaintiffs appealed.

*Floyd D. Brock, by Jerry W. Miller, for plaintiff appellant Wright. Joel B. Stevenson for plaintiff appellant Camby.*

*W. T. Joyner and Bennett, Kelly & Cagle, by Harold K. Bennett, for defendant appellees.*

MARTIN (Harry C.), Judge.

The rules of law governing motions for summary judgment are fully stated by Justice Moore in *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). It would serve no useful purpose to restate them here.

The trial court found facts in its judgment. This practice is not contemplated in summary judgment proceedings. " 'The rule does not contemplate that the court will decide an issue of fact, but rather will determine whether a real issue of fact exists.' " *Id.* at 534, 180 S.E. 2d at 830. The question for the court is whether there is a genuine issue as to any material fact. An issue is material if the facts alleged are of such nature as to affect the result of the action. A genuine issue is one which can be maintained by substantial evidence. *Kessing v. Mortgage Corp., supra.*

There is a conflict of evidence requiring a determination of the credibility of witnesses concerning the questions of who was the driver of the Camby automobile, and whether the train whistle blew as it approached the crossing. " 'If there is any question as to the credibility of witnesses or the weight of evidence, a summary judgment should be denied.' " *Id.* at 535, 180 S.E. 2d at 830.

Allegations of negligence and of proximate cause of the engineer in the operation of the train require the application of the standard of the reasonably prudent man to the facts in the case under appropriate instructions from the court. This is also true in order to determine the contributory negligence of the driver of the Buick automobile and whether agent Hensley was negligent in giving the green light to the train under the circumstances existing. In such instances, it usually remains for the jury to make this determination. It is only in the exceptional case that summary judgment can be granted where the rule of the reasonably prudent man is to be applied to determine ultimate fact questions. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972);

*Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147, *dis. rev. denied*, 279 N.C. 395, 183 S.E. 2d 243 (1971); *Edwards v. Means*, 36 N.C. App. 122, 243 S.E. 2d 161, *dis. rev. denied*, 295 N.C. 260, 245 S.E. 2d 777 (1978).

Summary judgment is an extreme remedy. " 'If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial . . ..' " *Page v. Sloan, supra* at 708, 190 S.E. 2d at 196. Where there are disputed issues of material facts, the plaintiff still may not carry the day with a jury, but he is entitled to try. The factual truth must be clear and undisputed for summary judgment to be granted. It is improper unless the pleadings, evidence and materials offered show there is no genuine issue as to any material fact and that the moving party has shown he is entitled to judgment as a matter of law. In the case at bar, the defendants have failed to carry this burden.

Reversed.

Chief Judge MORRIS and Judge PARKER concur.