LESLIE J. ALBERTSON v. STELLA JONES

No. 788DC1012

(Filed 4 September 1979)

**Husband and Wife § 3.1; Principal and Agent § 4— procurement of insurance policy—husband as wife's agent—insufficiency of evidence**

In an action to recover the amount of an insurance premium for a tobacco floater insurance policy on defendant's tobacco, the trial court erred in not directing a verdict for defendant where the evidence tended to show that defendant's husband procured the insurance, but there was neither allegation nor proof that defendant's husband was acting as her agent in procuring the insurance policy.

APPEAL by defendant from *Ellis (Kenneth R.), Judge.* Judgment entered 1 August 1978 in District Court, LENOIR County. Heard in the Court of Appeals on 21 August 1979.

This is a civil action wherein plaintiff, as assignee of North Carolina Farm Bureau Mutual Insurance Company, seeks to recover a $562.00 insurance premium from the defendant. At trial, plaintiff introduced evidence tending to show the following:

Plaintiff is an insurance salesman for North Carolina Farm Bureau Mutual Insurance Company. The plaintiff prepared an application for and caused to be issued a tobacco floater insurance policy for 60,000 pounds of tobacco owned by the defendant and stored in a packbarn. The original insurance policy was mailed from the home office to the insured, and the plaintiff also received a copy of the policy issued to defendant. Plaintiff mailed a copy of the statement for the amount of the premium owed, $562.00, to the defendant on 1 September 1977. The defendant did not request that any insurance be written through the plaintiff's office. However, the defendant's husband, Bonnie Jones, who is not a party to this lawsuit, requested it for her. The plaintiff "did not have any conversation with [defendant] as to whether or not her husband had authority to ask [the plaintiff] to issue a policy of insurance in her name for her tobacco." Plaintiff prepared the application for the tobacco floater policy "at the authority and direction of Mr. Bonnie Jones." Over objection, plaintiff was permitted to testify that Bonnie Jones, the defendant's husband, was making the application for the insurance "on behalf of his wife." The plaintiff had written a similar tobacco floater policy covering the defendant's tobacco in 1976 which was requested by the defendant's husband. The defendant paid the premium for the 1976 policy, but has not paid the 1977 premium.

The defendant presented evidence tending to show the following:

Bonnie Jones did not authorize the plaintiff to write a tobacco floater policy for tobacco owned by the defendant in 1976 or 1977. Bonnie Jones does not handle business affairs for the defendant. The defendant did not request any insurance policy from the plaintiff or from North Carolina Farm Bureau Mutual Insurance Company in 1976 or 1977. The defendant did not receive an insurance policy or a bill from the plaintiff in 1977. The defend-

ant paid the 1976 premium "to keep down an argument in the home." When she paid the premium in 1976, defendant told the plaintiff that she "definitely did not want insurance of any kind anymore."

The parties stipulated to the following issue which was submitted to the jury and answered by it as indicated:

 1. In what amount, if any, is Stella Jones, the defendant, indebted to Leslie Albertson, the plaintiff?

ANSWER: $562.00

From a judgment entered on the verdict, defendant appealed.

*No counsel for plaintiff appellee.*

*Gerrans & Spence, by William D. Spence, for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the refusal of the trial judge to grant her motion for a directed verdict made at the close of the plaintiff's evidence and renewed at the close of all the evidence. Defendant argues that there was no evidence that Bonnie Jones was the agent of the defendant or authorized to procure the tobacco floater insurance policy, and thus she is entitled to a directed verdict. We agree.

One who seeks to enforce against an alleged principal a contract made by an alleged agent has the burden of proving the existence of the agency and the authority of the agent to bind the principal by such contract. *Godwin Building Supply Co., Inc. v. Hight*, 268 N.C. 572, 151 S.E. 2d 50 (1966); *Bell v. Traders and Mechanics Insurance Co., Inc.*, 16 N.C. App. 591, 192 S.E. 2d 711 (1972). The marital relationship raises no presumption that the husband is authorized to act as an agent for his wife, and if such agency is relied upon, it must be proved. *Beaver v. Ledbetter*, 269 N.C. 142, 152 S.E. 2d 165 (1967). Agency is a fact to be proved as any other, and where there is no evidence presented tending to establish an agency relationship, the alleged principal is entitled to a directed verdict. *Lindsey v. Leonard*, 235 N.C. 100, 68 S.E. 2d 852 (1952); *Smith v. VonCannon*, 17 N.C. App. 438, 194 S.E. 2d 362, *aff'd.*, 283 N.C. 656, 197 S.E. 2d 524 (1973).

In the present case, the plaintiff has neither alleged nor offered any evidence that Bonnie Jones, the defendant's husband, was acting as the defendant's agent in procuring the tobacco floater insurance policy. The statement by the plaintiff that the defendant's husband was making the application for the insurance "on behalf of his wife" tends only to show that the plaintiff believed Bonnie Jones to be so acting; it does not tend to establish the factual existence of any agency relationship between the defendant and Bonnie Jones. Furthermore, such a statement from one seeking to enforce against an alleged principal a contract made by the alleged agent would not be competent evidence to prove the existence of the agency relationship. The existence of the agency also cannot be proved by the agent's extrajudicial statements. It must be established *aliunde* or by the alleged agent's testimony. *Mathis v. Siskin*, 268 N.C. 119, 150 S.E. 2d 24 (1966); 2 Stansbury's N.C. Evidence § 169, at 19 (Brandis rev. 1973).

Since there is no evidence that the defendant contracted to purchase the insurance, and since there is no evidence that her husband was acting as her agent in purchasing the insurance, the trial judge erred in not directing a verdict for the defendant. The judgment appealed from is reversed.

Reversed.

Judges VAUGHN and ARNOLD concur.