JUANITA J. CAMBY, ADMINISTRATRIX OF THE ESTATE OF DONNIE MAX CAMBY v. SOUTHERN RAILWAY COMPANY AND WALTER BYNUM BODENHAMER, JR.

No. 7928SC1100

(Filed 16 September 1980)

1. **Evidence § 27—statements made in telephone call — failure to identify person to whom made**

    In an action to recover for a death in a grade crossing accident, the trial court properly excluded testimony by plaintiff's witness concerning state-

ments he made in a telephone call notifying defendant railroad that a signal light at the crossing was not working where plaintiff failed to offer evidence as to the identity of the person to whom the witness made the statements, the number called, who answered, or whether the answering person was an employee of defendant.

2. **Evidence § 17; Railroads § 6.3– grade crossing accident — failure of engineer to give whistle or bell warning — instruction**

In an action to recover for a death in a grade crossing collision between defendant's train and an automobile occupied by plaintiff's intestate, the trial court erred in failing to give plaintiff's requested instruction that "testimony of a person nearby who could have heard and did not hear the sounding of a whistle or the ringing of a bell is some evidence that such a signal was not given" where three witnesses who were in the area of the collision at the time it occurred testified that they did not hear any train horn, bell or signal before the collision.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 16 July 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 26 August 1980, at Waynesville, North Carolina.

This is an action for wrongful death arising out of a collision between defendant's freight train No. 163 and a 1974 Buick automobile occupied by plaintiff's intestate, Donnie Max Camby. The collision happened at the on-grade crossing of defendant's main-line track between Asheville and Black Mountain and RPR 2728, Dennis Street, in Swannanoa, North Carolina, near the Beacon Manufacturing Company plant. At the crossing, Dennis Street runs generally north and south and the railroad track runs east and west. The track was straight and unobstructed to vision to the east for a distance of about 500 feet. Located east of Dennis Street, in the southeast quadrant of the intersection, was a signal-light stand equipped with two flashing red lights on the south side of the stand, one facing south parallel with the margin of Dennis Street and one facing east along a street known as RPR 2856. In the northwest quadrant of the intersection there was a signal-light stand with two flashing red lights on the south side of the stand facing diagonally down Dennis Street to the south. A signal bell was also located on top of the light stand in the southeast quadrant of the crossing. The parties stipulated that "the signal light in the southeast quadrant of the intersection facing Dennis Street

was not operating at the time of the collision." There was evidence that the flashing red signal lights in the northwest quadrant were operating at the time of the collision and were visible to traffic on Dennis Street approaching the crossing from the south. The engineer testified that as the train travelled west he sounded the customary crossing blows with the engine's horn, being two long blasts, one short and one long blast, for the Dennis Street crossing and three other crossings located within 2200 feet east of the Dennis Street crossing. Other testimony indicated the Buick car did not stop at the intersection but drove north onto the track at a speed of about 10 m.p.h. in front of the train.

Upon submission of the case to the jury, verdict was returned finding Donnie Camby's death was not caused by the negligence of defendants. From the judgment entered, plaintiff appeals.

*Swain & Stevenson, by Joel B. Stevenson, for plaintiff appellant.*

*Bennett, Kelly & Cagle, by Harold K. Bennett, for defendant appellees.*

MARTIN (Harry C.), Judge.

[1] Plaintiff presents two assignments of error for our consideration. First, plaintiff contends the trial court erred in striking certain testimony concerning a telephone call made by the witness Graham to defendant railway company. The pertinent testimony and the court's ruling follows:

A. ... I called the Southern Railway and talked with them about it and he said that he appreciated me calling —

Mr. Bennett: Objection, move to strike as to — unless some identification as to who called and who was spoken with.

The Court: Sustained.

It was about a week before this wreck that I called the Southern Railway office in Asheville.

Q. Do you recall which office it was you telephoned?

A. No sir, I just looked the number up and called someone under the traffic control and he told me that he appreciated me calling —

MR. BENNETT: Objection.

THE COURT: Sustained.

MR. BENNETT: Motion to strike all of his testimony with reference to a call.

THE COURT: Motion denied.

MR. BENNETT: Exception.

THE COURT: Members of the jury, with regard to any comments or conversation with regards to anyone that he talked to on the telephone, a motion to strike is allowed and you will not consider that as evidence in this case in your deliberations.

Q. Do you know the name of the person in traffic control that you talked to?

A. I'm sorry sir, no I don't, I don't remember his name.

Q. What did you tell the person that you did talk to?

MR. BENNETT: Objection.

THE COURT: Overruled.

Q. What did you tell the person?

A. I told the gentlemen —

Mr. Bennett: Objection.

The Court: Overruled.

A. That the light was out at this Dennis intersection; that it had been out for some time and that I was afraid someone would get hurt there.

. . . .

The Court: ... I instruct you that the testimony of Mr. Graham this morning with regards to any report which he made to the Southern Railway Company is not to be considered by you as evidence in this case. And the testimony with regards to any telephone call that Mr. Graham made to the Asheville office of Southern Railway is stricken, and you will not consider that testimony or any portion of it as evidence in this case. This ruling relates only to that portion of his testimony concerning the report by him of the light as he observed it there at the scene to the Southern Railway office.

The admissibility of telephone conversations is governed by the same rules of evidence that control the admission of oral statements made in face-to-face conversations, except that the party against whom the conversation is sought to be used must be identified. Identification of the party may be by direct or circumstantial evidence. *Everette v. Lumber Co.*, 250 N.C. 688, 110 S.E. 2d 288 (1959). In *Everette*, Justice Moore presents a complete statement of the law in this respect and the reasoning supporting these rules. *See also Mathis v. Siskin*, 268 N.C. 119, 150 S.E. 2d 24 (1966); 1 Stansbury's N.C. Evidence § 96 (Brandis rev. 1973); 79 A.L.R.3d 79 (1977).

Here, plaintiff seeks to use against defendants the statements made by the witness Graham over the telephone. To do so, plaintiff must offer some evidence as to the identity of the person to whom he made the statements. Plaintiff has failed to so do. There is no evidence what number Graham called, who answered, whether the answering person stated who he was, or whether the answering person was an employee of defendant railway. When the court later struck the testimony, plaintiff did

not seek a further voir dire to establish the competency of the testimony. The assignment of error is overruled.

[2] Last, plaintiff assigns as error the failure of the court to give the requested instruction to the jury that "[t]estimony that a person nearby who could have heard and did not hear the sounding of a whistle or the ringing of a bell is some evidence that such signal was not given."

Plaintiff relies upon *Kinlaw v. R.R.*, 269 N.C. 110, 152 S.E. 2d 329 (1967). In *Kinlaw* there was evidence that a witness proceeded across the railroad crossing about seven seconds ahead of plaintiff, and that this witness did not hear any whistle or bell as he approached the crossing, went over it, and proceeded beyond it. Judgment of nonsuit was entered at the close of plaintiff's evidence. The Supreme Court reversed, holding there was evidence from which the jury could infer that defendant railroad did not blow any whistle, ring any bell, or otherwise give any warning of the approach of the train to the crossing. The Court stated in identical language the rule that plaintiff here requested the court to charge. *Kinlaw* in turn relies upon *Johnson & Sons, Inc. v. R.R.*, 214 N.C. 484, 199 S.E. 704 (1938), where Justice Barnhill sets out in detail the rules of law and reasoning concerning negative evidence.

In *Bass v. Hocutt*, 221 N.C. 218, 220, 19 S.E. 2d 871, 872 (1942), we find:

> " . . . The rule of practice is well established in this jurisdiction that when a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error."

In applying *Bass*, *Kinlaw*, and *Johnson* to this case, it is clear that Judge Gaines should have given the requested instruction. Kenneth Thomas, Joe Graham and Monroe Payne all testified that they did not hear any train horn, bell or signal

before the collision of the train with the car. All of these witnesses were at the area of the loading dock, just north of the crossing. There was no evidence that any of the witnesses had impaired hearing or that their attention was diverted in any way. *See Johnson, supra.* Billy Joe Robinson, who was in a car near the crossing, recalled first "hearing the whistle about 50 feet or so before the point of impact." The testimony of these witnesses is sufficient to permit, though not to compel, the inference that defendant failed to blow any horn or whistle or otherwise to give audible warning of the approach of the train to the crossing. *Kinlaw, supra; Johnson, supra.*

We are of the opinion, and so hold, that the charge given by the trial judge does not cure the error of failing to give the requested charge. Nowhere in the charge does the court summarize the testimony of the three witnesses about their not hearing any signal. The judge did instruct the jury that the railway had a duty to give timely warning of the approach of its train by sounding a horn, whistle or bell, and that failure to do so was negligence. He also charged that plaintiff had offered evidence tending to show "[t]hat *at the time of the collision* that there was not a whistle blowing or a bell ringing." (Emphasis added.) The time of the collision is not the relevant time; the railway's duty is to give a timely audible warning *prior* to the collision. Defendants produced evidence that the train horn was continuously blowing as the train travelled a distance of 2200 feet prior to the collision. The jury could have found that the horn was sounded as contended by the railway and that it stopped at the time of the collision.

The requested instruction would have explained to the jury the effect of the testimony of plaintiff's three witnesses. Without this instruction, the jury had no guidance of how to consider this negative evidence in connection with the affirmative testimony of defendants' witnesses that the train horn was sounded.

Plaintiff properly requested a correct instruction supported by the evidence. The trial judge's failure to give the instruction is inexplicable.

Although this is the second time this case has been before this Court *(Camby v. Railway Co.*, 39 N.C. App. 455, 250 S.E. 2d 684 (1978), *disc. rev. denied*, 297 N.C. 298 (1979)), it must be remanded for a new trial because of the trial judge's commission of prejudicial error.

New trial.

Chief Judge MORRIS and Judge CLARK concur.