Rattle, J.
 

 His Honor was right in directing a judgment for the plaintiffs, to be entered on 'the special case; that stated that the defendant was in possession of the land in 1886, claiming under
 
 *355
 
 a contract of purchase from Major Dowd, who had married one of the daughters of Willis Dickinson, who died in 1820, seized and possessed of the land, and leaving a widow and seven children. Major Dowd died in 1840, leaving twelve children, of whom the lessor, P. W. Dowd, was one. When the defendant entered under his contract of purchase from Major Dowd, he became his tenant at will, and as such, could not dispute his title. Love v. Edmonston, 1 Ired. Rep. 152. Now, that title was either the title of his wife, as one of the heirs at law of Willis Dickinson, or his own independent title. Whichever it was, the defendant could not dispute it while he remained in possession under it; nor could he acquire a new title under which to protect himself, until he had surrendered the possession to his
 
 quasi
 
 landlord, or been put out by him, or by some other person acting under the authority of legal process. Gilliam v. Moose, Bus. Rep. 95; and the cases there cited. If the defendant then was in possession, under the title which descended from Dickinson to his heirs, the plaintiff was entitled to recover under the second demise; but if he were in under an independent title in Major Dowd, then the plaintiff was entitled on the first demise of P. W. Dowd, one of
 
 Ms
 
 heirs at law. So,
 
 quacumque via data,
 
 the plaintiff was entitled to a judgment on the special case.
 

 Dut the defendant’s counsel contends that, as a general verdict and judgment were rendered upon both demises, and as the lessor in the first demise was one only of several heirs who were entitled, the verdict and judgment were wrong. It was decided directly to the contrary in the cases of Holdfast v. Sheppard, 6 Ired. Rep. 361; Bbonson v. Paynter, 4 Dev. and Bat. Rep. 487.
 

 The judgment must be affirmed.