This action was brought by the plaintiffs to recover damages for cutting and removing timber for a tract of land known as the Britt place. The land belonged to H. B. Parker, Sr., who in 1899, conveyed it to his sons, H. B. Parker, Jr., and Fred P. Parker. The plaintiffs alleged that they had purchased the standing timber on the land from H. B. Parker, Sr., "by a verbal contract." They introduced in evidence an agreement, in form of a deed, dated 13 September, 1897, by which the trees on the Britt place were conveyed by the plaintiff J. C. Drake to S.D. Howell Co., of which firm the defendant was a member, with the right to cut and remove the same within two years from said date, the consideration of this agreement being $250, of which sum $200 was paid by the defendants at the time the agreement was executed. (164) The defendants never entered upon the land and did not cut any timber under the agreement. Plaintiffs then introduced a contract, in form of a deed, dated 21 June, 1900, between the plaintiff J. C. Drake and one H. B. Parker and the defendants S.D. Howell Co., by which the same trees were conveyed to the defendants, with the right to cut the said timber within six months from the date of the contract. The consideration of this contract was the unpaid balance of the consideration of the first agreement and an additional sum charged for the timber, the total amount being $183.75. The plaintiffs claim that the latter contract or deed had not been delivered to the defendants, but that it was acknowledged by the plaintiff J. C. Drake and placed in the hands of one E. G. Sears, the justice of the peace who took the acknowledgment, to be delivered to defendants when the purchase money should be paid. There was evidence tending to show that the contract was sent to H. B. Parker, Jr., to be signed and acknowledged by him and returned to Sears, so that it might be delivered to the defendants when they paid the purchase money. Parker signed and acknowledged the paper and it was registered, the plaintiffs insisting that this was done in violation of the understanding, and that the agreement or deed was in fact never delivered. The plaintiff Drake was permitted to testify, after objection by the defendants, that he bought the trees under a verbal contract from H. B. Parker, Sr., and gave him $300 for them. The defendants, within six months after the date of the last contract or deed, cut and removed the trees. There was no evidence that the plaintiffs had ever had actual possession of the land or timber.
The court gave to the jury, among other instructions, the following: *Page 157 
That if they believed the evidence, the plaintiffs were the owners (165) of the timber at the time the defendants cut and removed it, unless the deed of 21 June, 1900, was delivered. The defendants excepted to this instruction, and thus is presented the only question which we deem it necessary to consider.
The testimony of the witness Drake was incompetent, as the title to real estate or to any interest in or concerning the same cannot pass by parol.McPhaul v. Gilchrist, 29 N.C. 169; Cox v. Ward, 107 N.C. 511; Presnellv. Garrison, 121 N.C. 366; Buckner v. Anderson, 111 N.C. 577. It cannot be doubted that standing trees are a part of the reality, and therefore are not the subject of parol conveyance any more than the land itself would be.Mizell v. Burnett, 49 N.C. 249; 69 Am. Dec., 744; Green v. R. R.,73 N.C. 524. The evidence, therefore, should have been excluded, but this does not dispose of the appeal, as we must still ascertain whether there was any other evidence which, if believed by the jury, entitled the plaintiffs to their verdict.
The plaintiff's action is, in substance and effect, one for trespass in cutting and removing the trees, and it was so treated in the argument before us. In order to recover in such an action the plaintiff must show that he was either actually or constructively in possession of the property at the time the alleged trespass was committed. There was no evidence of actual possession, and the plaintiffs are therefore driven to rely upon constructive possession. This they could have shown by proof that they had actually acquired the title from the true owner or that the defendants were estopped in some way to deny their title, for he who claims and establishes a title by estoppel is, as to those estopped, in the constructive possession of the property to which the estoppel relates, and may maintain trespass. Phelps v. Blount, 13 N.C. 177. In other words, the action of trespass being a remedy for an injury to the possession, it cannot be maintained by one who had not the possession at the time the injury is alleged to have been committed (Pattersonv. Bodenhammer, 33 N.C. 4); and in order to entitle one to (166) maintain trespass when he had no occupation of any part of the property, he must in some way show a title in himself, from which the law can deduce that, constructively, he had the possession at the time of the alleged trespass. Cohoon v. Simmons, 29 N.C. 189. As we have held that the evidence which, as the plaintiffs claimed, tended to show that they had acquired title from the true owner of the property was incompetent, the plaintiff can show title and constructive possession only in one other way — that is, by estoppel — and this they claim to have successfully done. In this connection they contend (1) that the defendants were estopped by the contract or deed of 13 September, 1897, and that *Page 158 
if this be not true, then (2) that they were estopped by the contract or deed of 21 June, 1900. We do not think that they were estopped by either of these instruments.
In the first place, the agreement of 13 September, 1897, had expired by its own limitation some time before the defendants entered upon the Britt land and cut the timber. The time fixed by that contract for cutting and removing the timber was two years, and this time had more than run out at the date of the alleged trespass. It is true that a party who accepts a deed poll is bound by its covenants and conditions, for if he claims the benefits of the deed he must also assume the burdens imposed by it. He cannot claim under it and against it. Fort v. Allen,110 N.C. 183. But there is a well-settled rule in regard to an estoppel by deed, that even in the case of a strict estoppel as between the parties to the deed the estoppel is in its operation commensurate only with the interest or estate conveyed. Staton v. Mullis, 92 N.C. 623; Fisher v.Mining Co., 94 N.C. 397. There is no evidence that we have been able to find in the record tending to show that the defendants ever entered upon the land or cut any of the trees under this contract, and (167) they certainly did not acquire any possession of the trees or any advantage over the plaintiffs in respect to them by virtue of the contract. Why, then, should they be estopped? Robertson v. Pickerell,109 U.S. 609.
The plaintiffs contend, though, that if the defendants are not estopped by the agreement or deed of 13 September, 1897, they are by the agreement of 21 June, 1900. The jury have found that this instrument was never delivered by the plaintiffs, and that therefore it has never become a deed. An estoppel by deed cannot arise until the instrument which is claimed creates the estoppel has become effective as a deed. Smith v. Ingram,130 N.C. 100. If the defendants were estopped the plaintiffs were also estopped to deny that it was a deed, for estoppels must be mutual (McDougald v. McLean, 60 N.C. 120; Ray v. Gardner, 82 N.C. 146); and if the instrument had been delivered as the deed of the plaintiffs the acts of the defendants were lawful, and this action would not lie. If a party has acquired the possession of land by virtue of a deed or contract of purchase which he has accepted from the vendor, in an action to recover the purchase money or in an action by the vendor to recover the land, he will be estopped to question the vendor's title. Lacy v. Johnson, 58 Wis. 422;Smith v. Arthur, 110 N.C. 400; Dowd v. Gilchrist, 46 N.C. 353. It would be inequitable and fraudulent for him to do so. But that is not the case we have here. Not only is there no deed by which he could be estopped, because the *Page 159 
jury have found that there was no delivery, but there is no evidence that the defendants obtained the possession of the trees by virtue of the instrument which the plaintiffs claim operates as an estoppel. We do not well see why they should have taken possession under that instrument, as under the circumstances, it would have been no protection to them. Again, the estoppel must be based upon the idea that the plaintiffs had authorized the defendants to enter upon the (168) land and cut the trees, while the plaintiffs are suing them as trespassers, thereby asserting that they entered without permission and in defiance of the rights of the plaintiffs.
There is an allegation in the pleadings that the plaintiffs have acquired the title to the Britt tract since this action was commenced; but this, if true, cannot help them, as a conveyance of title to the land after the defendants had committed the alleged trespass would not pass the right to the damages claimed by the plaintiffs. Such damages are personal to the owner of the property and do not pass to his grantees. Liverman v. R. R.,114 N.C. 692.
It may be that the plaintiffs, if they are unable to succeed in the present form of their action, can, by amendment or a new action, recover the purchase price of the trees fixed by the contract of 21 June, 1900, as a suit for the purchase money would be equivalent to a confirmation of the deed, which was delivered without the consent of the plaintiffs. Smith v.Arthur, supra.
The defendants allege that the Parkers claimed the purchase money under the contract of 1900. If the pleadings are amended and the defendants desire the Parkers to be made parties to the action, so that the rights of the respective claimants of the purchase money may be determined and the defendants relieved of a double charge for the same, they may perhaps obtain relief under section 199 of The Code before the amended answer is filed. Clark's Code (3 Ed.), 138.
Upon a review of the whole case, we think the court erred in charging the jury that if they believed the evidence the plaintiffs were the owners of the trees, unless the deed of 21 June, 1900, had been delivered, and for this error there must be another trial.
New trial.
Cited: Morgan v. Lumber Co., 134 N.C. 754; Clegg v. R. R., 135 N.C. 157;Ives v. R. R., 142 N.C. 134; York v. Westall, 143 N.C. 281;Gardner v. Lumber Co., 144 N.C. 111; Tremaine v. Williams, ib., 116;Currie v. Gilchrist, 147 N.C. 652; Porter v. R. R., 148 N.C. 566;Waters v. Lumber Co., 154 N.C. 233; Bowen v. Perkins, ib., 452; *Page 160 Brown v. House, ib., 547; Daniels v. R. R., 158 N.C. 426; Van Gilder v.Bullen, 159 N.C. 296; Winders v. Kenan, 161 N.C. 627; Wilson v.Scarboro, 163 N.C. 388; Stewart v. Munger, 174 N.C. 405; Weathersbee v.Godwin, 175 N.C. 237; Hill v. Hill, 176 N.C. 197.
(169)