## ALBERT BOWEN v. JOHN PERKINS.

(Filed 29 March, 1911.)

1. Deeds and Conveyances—Title—Common Source—Rule of Convenience.

As a rule of convenience and not as a matter of estoppel, parties to an action involving title to land claiming it from the same person are not allowed to deny the title in the common source.

2. Same—Superior Title—Evidence.

When the title to the land in controversy is claimed by both parties from a common source, the older title will prevail unless there is shown a better title from the one under whom both claim, or from some other person.

3. Deeds and Conveyances—Common Source—Inconsistent Title—Evidence.

One who enters into possession of lands under a contract to purchase creates a relationship with the owner analogous to that

154—29

of tenant and landlord; and until ousted or disturbed in his possession by one having a paramount title, he will not be permitted in an action for possession by the party under whom he entered to set up a title inconsistent with his.

**4. Deeds and Conveyances—Title—Common Source—Contract of Purchase—Rule of Convenience.**

When the plaintiff and defendant in an action to recover lands deduce their title from a common origin, the one by deed and mesne conveyances and the other under an executory contract of purchase, neither is allowed to deny the title in the common source, for between them the elder is the better title and must prevail unless the adverse party can show a better outstanding title which he has acquired.

**5. Same—Parol Agreement—Statute of Frauds.**

The plaintiff claimed title to the lands in controversy by deed and mesne conveyances, and defendant claimed under an alleged parol contract of purchase made by his lessor with one under whom plaintiff claimed in his chain of title: *Held*, the statute of frauds was not involved, and evidence of the parol contract was admissible to show that defendant claimed title from the same source as plaintiff.

APPEAL from *O. H. Allen, J.,* at November Term, 1910, of COLUMBUS.

This action was brought to recover the possession of land, and damages for withholding it. Plaintiff introduced in evidence deeds from Caleb Allen and wife, Susan Allen, to John Bright, dated 21 February, 1901, and from John Bright and wife, C. E. Bright, to A. E. Powell, dated 22 December, 1905, and from A. E. Powell to the plaintiff, Albert Bowen, dated 8 June, 1907. All these deeds conveyed the land in dispute and were registered. The plaintiff proposed to prove by John Rogers, one of his witnesses, that the witness bought the land from Caleb Allen and his wife, but had not paid the price, nor had the vendors made him a deed under his contract of purchase; and further, that after he had thus bargained for the land he leased it to the defendant John Perkins, put him in possession and agreed to sell it to him. This evidence was excluded, and the plaintiff excepted. There was a verdict for the defendant and judgment thereon, from which the plaintiff appealed.

*J. B. Schulken and E. M. Toon for plaintiff.*
*No counsel for defendant.*

WALKER, J., after stating the case: The plaintiff offered the
evidence which was rejected, for the purpose of showing that
he and defendant derived their title from the same source,
Caleb Allen, and that the plaintiff was not required, if that be
true, to prove a good and perfect title in Caleb Allen, from
whom both titles were traced, upon the familiar rule that where
the title of both parties is disclosed and found to have a com-
mon origin, the plaintiff, having the older of the two, is entitled
to recover, unless the defendant shows that he has a better title
than the plaintiff, which was derived either from the person
under whom they both claim or from some other person who
had such better title. It is not a case strictly of estoppel, but
a well-settled rule of evidence, founded in justice and conve-
nience. *Johnson v. Watts,* 46 N. C., 228; *Ives v. Sawyer,* 20
N. C. (Anno.), 179. It is generally expressed in this way,
that where both parties claim title under the same person,
neither is allowed to deny that such person had title; but the
rule is subject to the qualification just stated, and does not
mean that the defendant is estopped to connect himself by proof
with the true owner. *Caldwell v. Neely,* 81 N. C., 114; *Spivey
v. Jones,* 82 N. C., 179; *Collins v. Swanson,* 121 N. C., 67. In
this case it appears that John Rogers contracted to buy the land
from Caleb Allen and took possession of it by his tenant, the
defendant, under his purchase. In *Dowd v. Gilchrist,* 46 N. C.,
353, the defendant bought the land from Major Dowd and
"took his word for a title." The Court held that "when the
defendant entered under his contract of purchase from Major
Dowd, he became his tenant at will, and as such could not dis-
pute his title." *Love v. Edmonston,* 23 N. C., 152.

In Bigelow on Estoppel (5 Ed.), p. 547, we find it laid down
that the relation of landlord and tenant is virtually created, so
far as the question of estoppel is concerned, where a party en-
ters into possession of land under a contract to purchase it;
and such a person, until ousted or disturbed in his possession
by one having a paramount title, will not be permitted in an

action for possession by the party under whom he entered to
set up a title inconsistent with his. The doctrine of estoppel,
with reference both to the grantee in a deed and the purchaser
under a contract of sale, as stated in Bigelow on Estoppel at
pages 546-547, has received the approval of this Court, though
the text-book was not cited. *Drake v. Howell,* 133 N. C., 163.
See *Farmer v. Pickens,* 83 N. C., 550; *Rountree v. Blount,* 129
N. C., 25. As the plaintiff and defendant deduce their title
from a common origin, the plaintiff from Caleb Allen by deed
to the first grantee and mesne conveyances, and the defendant's
lessor as the vendee under an executory contract of sale, this
case is brought within "the inflexible rule of evidence," as
*Judge Ashe* states it in *Christenbury v. King,* 85 N. C., 230, that
where both parties claim under the same person, neither of them
can deny his right, and then, as between them, the elder is the
better title and must prevail, unless (if the plaintiff has the
senior of the two titles) the defendant can show a better title
outstanding and that he has acquired it. *McCoy v. Lumber
Co.,* 149 N. C., 1; *Sample v. Lumber Co.,* 150 N. C., 161; *Foy
v. Lumber Co.,* 152 N. C., 595. It is the possession of the de-
fendant, under his claim of right or title from the common
source, whether by deed or lease, or what is the legal equivalent
of a lease, a contract of purchase, that determines the applica-
tion of the rule as is shown by the cases last cited. This does
not deprive the defendant of the right to show that he has the
better title, even as between the parties claiming only from a
common source, or that he has, in some other way, acquired
the superior title. The authorities merely declare that a plain-
tiff's case is made out when all that appears is that he and the
defendant claim under the same common grantor, and the ques-
tion is one of the state of proof only. They distinctly show
that the defendant may overturn the plaintiff's case by showing
a paramount title, under which he (the defendant) claims
against that of the common grantor. Bigelow (5 Ed.), p. 346,
and note 6. This case is governed by the ordinary rule, as the
parties claim from a common source, and not otherwise.

That the contract between Caleb Allen and John Rogers,

defendant's lessor, was not in writing, if that be the fact, can make no difference. This is not an action by the vendor to enforce the performance of the contract by the vendee, and the statute of frauds is not involved. *Cowell v. Ins. Co.,* 126 N. C., 684. The evidence is competent to show that defendant claims title from the same source as the plaintiff, and thereby, nothing else appearing, recognized the validity of the title thus asserted. *Sample v. Lumber Co., supra; Bryan v. Hodges,* 151 N. C., 413.

In this view of the case, the testimony offered by the plaintiff should have been admitted, and there was error in excluding it.

New trial.