ROGER D. MESSER AND WILLIAM L. HUNT v. LAUREL HILL ASSOCIATES

No. 8815SC393

(Filed 18 April 1989)

**1. Contracts § 21.3— failure to build road on schedule—antici-patory breach—summary judgment for defendants**

The trial court properly granted summary judgment for defendants in an action for anticipatory breach of contract arising from defendant's failure to build certain roads by the time stated in an agreement for the sale of land because there was no genuine issue of material fact as to anticipatory breach. Even assuming that someone speaking on behalf of defendant did state at some time prior to the filing of plaintiffs' complaint that it was discontinuing development of the land for the time being, that statement was not a positive, distinct, unequivocal, and absolute repudiation of the obligation to build Bayberry Drive by 1 December 1987, almost two years in the future, and does not preclude the possibility that development, even if temporarily discontinued, would resume prior to 1 December 1987.

**2. Deeds § 18— summary judgment for defendant—error**

The trial court erred by granting summary judgment for defendant in an action in which plaintiffs sought to enforce a covenant contained in a deed alleged to require defendant partnership as grantee to construct two roads on the property conveyed by the deed where there was a genuine issue of material fact regarding defendant's liability for breach of the promise to build the road by the date specified. Although the deed was not signed by the grantees, plaintiff presented sufficient evidence of actual assent by defendant in defendant's actions in developing the property and entering into agreements

contemporaneous with or subsequent to the conveyance of that property.

### 3. Deeds § 18 — conveyance to partnership — effectiveness of conditions in deed

Plaintiffs were not entitled to summary judgment in an action to enforce a deed covenant requiring defendant partnership to build a road where plaintiffs alleged that defendant promised to build Rhododendron Drive; defendant admits that it began development of the Laurel Hill property; a 13 May 1985 Contract of Sale Modification extending the completion date for Bayberry Drive was signed by W. Randolph Thomas as General Partner for defendant Laurel Hill Associates; W. Randolph Thomas was one of the grantees under the original warranty deed and was one of the individuals who agreed to assume obligations to plaintiffs; and the four individuals designated as "grantee" and "grantees" in the deed are not specifically identified in the complaint as general partners in defendant partnership. To be binding on a partnership, a written instrument must be executed in a partnership name, a plaintiff must show that a defendant was acting on behalf of the partnership, or the plaintiff must show that the partnership ratified the individual's act.

APPEAL by plaintiffs from Judgment of *Henry V. Barnette, Jr., Judge*, entered 29 December 1986 in ORANGE County Superior Court. Heard in the Court of Appeals 1 November 1988.

*Lyman & Ash, by Cletus P. Lyman; and Robert H. Smith*, for plaintiff appellants.

*Moore & Van Allen, by Charles R. Holton and Laura B. Luger*, for defendant appellee.

COZORT, Judge.

Plaintiffs instituted causes of action for anticipatory breach of contract and breach of contract in which they sought to enforce a covenant contained in a deed alleged to require defendant partnership, as grantee, to construct two roads on the property conveyed by the deed. The trial court granted summary judgment in defendant's favor on both claims and denied plaintiffs' motion for summary judgment. We affirm the trial court's ruling on the claim for anticipatory breach of contract but vacate the judgment in favor of defendant on the breach of contract claim.

On or about 25 August 1983, plaintiffs entered into a Contract of Sale with James E. Plymire (not a party to this action) wherein plaintiffs agreed to sell, and Plymire to buy, 60.3 acres of land known as Laurel Hill IV and V, located in Chapel Hill, North Carolina. Included in that Contract were provisions that the deed would reserve for plaintiff Hunt an easement for right of way over two roads (Bayberry Drive and Rhododendron Drive) which Plymire agreed to build by 30 December 1985. On 22 September 1983, plaintiffs signed an Agreement with Plymire and four other individuals whereby (1) Plymire assigned his rights involving Laurel Hill IV and V to the four individuals (referred to as "Grantees"), (2) the four individuals assumed Plymire's obligations, and (3) plaintiffs released Plymire from any obligations arising from the 25 August 1983 Contract of Sale. A warranty deed dated 22 September 1983 conveyed Laurel Hill IV and V to those same four individuals. The deed reserved, for plaintiff Hunt's adjacent retained tract of 120 acres, two easements, described by metes and bounds, over proposed streets referred to as Bayberry Drive and Rhododendron Drive. The deed also contained the following covenant:

> Grantees agree for themselves and their heirs, successors, and assigns, that they shall build to Chapel Hill standards both Bayberry Drive (from Arboretum Drive to Rododendron [sic] Drive and to the eastern boundary of Laurel Hill IV) and Rododendron [sic] Drive by December 30, 1985.

The deed was signed by plaintiff Hunt, the record owner, and plaintiff Messer, who released any rights he had in the property.

In their complaint, plaintiffs allege that defendant, a partnership, agreed to perform the obligations of Plymire in the 25 August 1983 contract.

Thereafter, defendant began development of Laurel Hill IV and V, which were renamed "The Woods," into sites for traditional homes and condominiums. On 13 May 1985 the parties to this action signed a Contract of Sale Modification which purported to· modify the 25 August 1983 Contract of Sale between plaintiffs and Plymire and which, *inter alia*, provided as follows:

> Plymire shall build to Chapel Hill standards Bayberry Drive from Arboretum Drive to Rododendron [sic] Drive and to the eastern boundary of Laurel Hill IV by *December 1, 1987*. (Emphasis added.)

On 17 December 1985 plaintiff Messer brought an action alleging that defendant was in anticipatory breach of its obligation under the Contract of Sale Modification to build Bayberry Drive. In an amended complaint filed 14 July 1986, Hunt joined the action as a plaintiff, and several additional counts were added to the complaint, including a count for breach of the covenant to build Rhododendron Drive by 30 December 1985, as set forth in the 22 September 1983 warranty deed. The claim for anticipatory breach alleged that defendant had "by its statements and actions, including statements that it is discontinuing development of the Woods for the time being and banking the land, is in anticipatory breach of its obligation to complete Bayberry Drive by December 1, 1987." Plaintiffs requested the court to order specific performance by defendant of its alleged obligation to build Bayberry Drive and Rhododendron Drive, damages, costs, and other appropriate relief.

Defendant filed an Answer admitting its status as a general partnership which had begun development of the Woods but denying other material allegations of the complaint except insofar as such allegations were consistent with the language of the agreements and the deed attached to plaintiffs' complaint.

Both parties moved for summary judgment. The motions came on for hearing before the Honorable Henry V. Barnette, Jr., who, on 29 December 1986, denied plaintiffs' motion and entered summary judgment in favor of defendant, dismissing with prejudice plaintiffs' claims for anticipatory breach and breach of the agreements to build Bayberry Drive and Rhododendron Drive. The parties having voluntarily dismissed their remaining claims and counterclaims in a final judgment entered 10 November 1987, plaintiffs appeal from the trial court's ruling.

A motion for summary judgment should be granted when the evidence presented to the trial court reveals that there is no genuine issue as to any material fact and that either party is entitled to judgment in its favor as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In considering a motion for summary judgment, the trial court should not undertake to resolve an issue of credibility. *Landrum v. Armbruster*, 28 N.C. App. 250, 220 S.E. 2d 842 (1976). However, to avoid entry of summary judgment against it, a party must come forward with evidence of a dispute as to a material fact such that resolution of that dispute would affect the

result of the action before the court. *Clerk of Superior Court v. Guilford Builders Supply Co.,* 87 N.C. App. 386, 361 S.E. 2d 115 (1987), *disc. review denied,* 321 N.C. 471, 364 S.E. 2d 918 (1988).

[1] When the promisor to an executory agreement for the performance of an act in the future renounces its duty under the agreement and declares its intention not to perform it, the promisee may treat the renunciation as a breach and sue at once for damages. *Pappas v. Crist,* 223 N.C. 265, 25 S.E. 2d 850 (1943). In order to maintain a claim for anticipatory breach, the words or conduct evidencing the renunciation or breach must be a "positive, distinct, unequivocal, and absolute refusal to perform the contract" *when the time fixed for it in the contract arrives. Edwards v. Proctor,* 173 N.C. 41, 44, 91 S.E. 584, 585 (1917); 4 Corbin, *Contracts* § 973 (1951).

Plaintiffs' claim for anticipatory breach of the agreement to construct Bayberry Drive by 1 December 1987 was based on defendant's alleged statement that it was "discontinuing development of the Woods for the time being and banking the land." Plaintiff has not come forward with any evidence showing when or in what context this statement was made. Defendant submitted no evidence that it did or did not make the statement as alleged. Instead, it presented the affidavit of the project manager for the Woods, who stated that defendant's "current" intention was to continue development of the Woods and not to "bank" the land, and the affidavit of the engineer for the Woods project, who stated that the Town Manager of Chapel Hill had reapproved defendant's subdivision development plan on condition that a portion of Bayberry Drive be realigned to accommodate plans for a parkway approved by the State Department of Transportation. The affiant engineer also stated that, in view of these parkway plans, he "would advise" defendant not to build all of Bayberry Drive until the plans were "firmly established."

We believe this evidence is insufficient to create a genuine issue of *material* fact as to anticipatory breach. Even assuming that someone speaking on behalf of defendant did state at some time prior to the filing of plaintiffs' complaint on 17 December 1985 that it was discontinuing development of the land *for the time being,* that statement was not a "positive, distinct, unequivocal, and absolute" repudiation of the obligation to build Bayberry Drive by 1 December 1987, almost two years in the future. Furthermore,

the statement does not preclude the possibility that development, even if temporarily discontinued, would resume prior to 1 December 1987. If plaintiffs had wanted to ascertain defendant's intentions specifically regarding Bayberry Drive, they could have inquired. They apparently did not do so, and we will not construe defendant's alleged statement to mean what it did not strictly say. *See Edwards,* 173 N.C. at 45, 46, 91 S.E. at 584, 585. Therefore, we affirm the order of summary judgment in defendant's favor on the claim for anticipatory breach.

We express no opinion regarding the effect of the parkway plan on defendant's obligation under the agreement. No impossibility defense based on the parkway plan was raised in defendant's answer, and that issue was not resolved in the trial court's order; nor is its resolution necessary for the purposes of this appeal. Should plaintiff hereafter institute an action for breach of contract, the parties are not collaterally estopped from litigating the validity of that defense at that time. *See King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973).

[2] As for the breach of contract claim involving Rhododendron Drive, we agree that summary judgment for defendant was error. Plaintiffs' complaint alleged that defendant had agreed to build Rhododendron Drive by 30 December 1985 as set forth in the 22 September 1983 warranty deed, and that only a small part of the road had been built. Defendant denied plaintiffs' allegations except insofar as they were consistent with the language of the deed. However, defendant's engineer admitted in his affidavit that the road was not complete on 11 December 1986.

The only argument presented by defendant on appeal is that the 22 September 1983 deed was not signed by the grantees, and thus the promise to build Rhododendron Drive was a "unilateral recital" not binding on the grantees. We do not believe that argument benefits defendant under the facts of this case.

Instruments conveying interests in land are void unless in writing and signed by the grantor or his lawful agent. N.C. Gen. Stat. § 22-2 (1988). The signature of the grantee is not required in order for a deed to constitute a valid conveyance. Rather, it is *presumed* that the grantee accepts a conveyance when it is beneficial to the grantee. *See* Webster's Real Estate Law in North Carolina § 207 (1988). No presumption of acceptance would arise, however, insofar as a covenant in a deed imposes affirmative obliga-

tions on the grantee. *See Beaver v. Ledbetter*, 269 N.C. 142, 152 S.E. 2d 165 (1967).

The covenant in the deed in question imposes upon the grantee the obligation to build Rhododendron Drive by 30 December 1985. As this is an affirmative obligation to be undertaken by the grantee, there can be no presumption of acceptance. The unavailability of a *presumption*, however, is not fatal to plaintiffs' claim, as plaintiffs may prove *actual* assent to accept the deed, and actual assent renders the grantee liable. Webster's Real Estate Law in North Carolina § 207 (citing *Baber v. Hanie*, 163 N.C. 588, 80 S.E. 57 (1913) and *Drake v. Howell*, 133 N.C. 163, 45 S.E. 539 (1903)). Plaintiff presented sufficient evidence of actual assent by defendant's actions in developing the property and entering into agreements contemporaneous with or subsequent to the conveyance of that property. There is no requirement in this State that contracts for services not to be performed within a year be in writing and signed by the party to be charged therewith. *See* N.C. Gen. Stat. § 22-2 (1988); *Overstreet v. Brookland, Inc.*, 52 N.C. App. 444, 279 S.E. 2d 1 (1981).

[3] We do not believe, however, that plaintiffs are entitled to summary judgment in this matter. The four individuals designated as "grantee" and "grantees" in the deed are not specifically identified in the complaint as general partners in defendant partnership. In order for a written instrument to be binding on a partnership, it must be executed in the partnership name. *In re Oxford Plastics v. Goodson*, 74 N.C. App. 256, 262, 328 S.E. 2d 7, 11 (1985). Otherwise, a plaintiff must show that the defendant was acting on behalf of the partnership or that the partnership ratified the individual's act. *See Brewer v. Elks*, 260 N.C. 470, 133 S.E. 2d 159 (1963).

Plaintiff alleges that defendant promised to build Rhododendron Drive. Defendant admits that it has begun development of the Laurel Hill property. The 13 May 1985 Contract of Sale Modification extending the completion date for Bayberry Drive was signed by W. Randolph Thomas as General Partner for defendant Laurel Hill Associates. W. Randolph Thomas is one of the grantees under the 22 September 1983 Warranty Deed and was one of the individuals who agreed to assume Plymire's obligations to plaintiffs. Under these facts, we believe there is a genuine issue of material fact regarding defendant's liability for breach of the promise to build Rhododendron Drive by 30 December 1985.

In conclusion, the trial court's order of summary judgment for defendant is affirmed as to the claim of anticipatory breach of the agreement to build Bayberry Drive by 1 December 1987. We vacate that order insofar as it pertains to the count for breach of contract to build Rhododendron Drive by 30 December 1985, and remand for further proceedings not inconsistent with this opinion.

Affirmed in part; vacated and remanded in part.

Judges ARNOLD and WELLS concur.