JOHN R. GORDON AND WIFE, DORIS GORDON, PLAINTIFF-APPELLEES v. ROBERT L. HOWARD AND WIFE, MARY ANN HOWARD, DEFENDANT-APPELLANTS

No. 8821SC735

(Filed 6 June 1989)

1. **Contracts § 21.3— agreement to purchase lot—letter not repudiation**

    Where plaintiffs had contracted to purchase a certain lot in a subdivision being developed by defendants, a letter sent by the male plaintiff to defendants stating that plaintiffs had decided not to purchase the lot and asking for a refund of their earnest money did not constitute an anticipatory repudiation of the contract but constituted an offer to withdraw from the contract conditioned upon a return of plaintiffs' earnest money. Even if defendants would have been justified in treating the letter as a repudiation, they did not do so where defendants refused to return the earnest money, declared the parties to have a bona fide contract, and instructed their attorney to demand a closing, and plaintiffs are thus entitled to specific performance of the contract.

2. **Interest § 1— specific performance—interest on earnest money —improper award**

    The trial court erred in awarding plaintiffs interest on their earnest money deposit with defendants where the court ordered specific performance and not monetary relief. N.C.G.S. § 24-5.

APPEAL by defendants from Judgment of *Judge Judson D. DeRamus, Jr.*, entered 25 March 1988 in FORSYTH County Superior Court. Heard in the Court of Appeals 15 February 1989.

*House & Blanco, P.A., by John S. Harrison for plaintiff appellees.*

*Nifong, Ferguson & Sinal by Paul A. Sinal; and David F. Tamer for defendant appellants.*

COZORT, Judge.

Plaintiffs brought an action for specific performance of an agreement wherein plaintiffs agreed to buy and defendants to sell a tract of land in a subdivision being developed by defendants. Defendants alleged that plaintiffs were not entitled to relief because they had breached the parties' agreement by anticipatory repudiation, and, further, that defendants were entitled to the $10,000 deposit paid by plaintiffs as earnest money. The trial court ruled in plaintiffs' favor. Defendants appeal. We affirm the trial court's ruling for plaintiffs but vacate that portion of the court's order awarding plaintiffs interest on the $10,000 deposit.

On or about 23 August 1984, plaintiffs and defendants entered into a contract wherein plaintiffs agreed to purchase from defendants a certain tract of land in Forsyth County identified as Lot 22 in the Glen Kerry subdivision. Pursuant to the contract, plaintiffs paid defendants the sum of $10,000 as earnest money. A balance of $40,000 was to be paid at closing. On or about 22 July 1985, defendants contacted plaintiffs about scheduling a closing. Thereafter, plaintiff John Gordon sent to defendant Robert Howard the following letter, dated 26 July 1985, which was introduced at trial as Plaintiff's Exhibit 4:

Dear Bob:

I have received the restrictions regarding Glenn Kerry which was dropped by our house the other night.

My purpose in writing is to tell you that my wife and I have decided not to purchase lot number 22 in Glenn Kerry. We had our house remodeled last fall and we like it so much, particularly since we have planned to further improve it, that we are happy just staying where we are. Therefore, kindly return my $10,000 deposit.

GORDON v. HOWARD

[94 N.C. App. 149 (1989)]

Last week, we took ownership of a beautiful new 3 bedroom, 3 bath condominium at Surfside Beach, South Carolina, right below Myrtle Beach, that we intend to spend a lot of time at. We have also sold our cottage at Lake Norman and have since then purchased a condo which is currently under construction called Portside. This will have three bedrooms, two full baths and will let us enjoy Lake Norman, without having to cut the grass and all the other routine maintenance. I am very sorry we can't go through with this but at our age and with our house being so comfortable and particularly since we have these two beautiful new condos becoming available to us, it would just be ridiculous to put money into another home, because we plan to spend a lot of time at these places for reasons that I am gradually phasing into a semi-retirement status.

Very truly yours,

WINSTON PRINTING COMPANY

John R. Gordon
Board Chairman/CEO

After defendants did not respond to that letter, Mr. Gordon telephoned Mr. Howard in late October or early November of 1985 to discuss the matter. In that conversation, according to plaintiffs, Mr. Howard stated that he considered the parties to have a bona fide contract and that defendants would not return the earnest money deposit. Mr. Gordon therefore replied that, in view of defendants' position, plaintiffs would perform the contract as soon as the access road to Silas Creek Parkway was opened. Thereafter, on 6 November 1985, Mr. Gordon wrote his attorney a letter in which he informed his attorney that defendants had refused to return the deposit but that, as the lot had increased in value, he was "not real worried about it," and that he planned to list the land value among his personal assets. In October of 1986, plaintiffs saw that the Silas Creek Parkway access road had opened and made a request to defendants that they close their transaction for the purchase of Lot 22. Defendants refused, stating that, eight to ten months earlier, they had instructed their attorney to send a letter declaring that the earnest money would be forfeited unless the parties closed on the property. Plaintiffs denied having received any such letter, and defendants failed at trial to introduce any

evidence that such a letter was in fact mailed to plaintiffs or even that such a letter existed.

Defendants' position at trial was that defendants had contacted plaintiffs to schedule a closing and that, after receiving the 26 July letter, they had instructed their attorney to demand that plaintiff close or the earnest money would be forfeited. Defendants denied that plaintiffs ever told them that plaintiffs would honor their contract and close as soon as the Silas Creek Parkway access road was completed. Defendants admitted that the fair market value of Lot 22 had risen to $85,000-$90,000 and that they had decided to keep the lot and build their own home on it.

Based on this evidence, the trial court found, *inter alia*, that the 26 July 1985 letter was not a repudiation of the contract but "constituted an offer by Plaintiffs to withdraw from the contract, and imposed a condition on any such withdrawal from the contract, namely, a return of the earnest money deposit"; that plaintiffs reasonably expected a response to the letter but that defendants did not respond; and that in the October 1985 conversation in which defendants refused to return the earnest money, plaintiffs made clear their intention to perform the contract upon the opening of the access road to Silas Creek Parkway. The court further found that plaintiffs had never received any demand from defendants that plaintiffs close on the property, that defendants had not changed their position following the receipt of the 26 July 1985 letter, nor had they suffered any detriment, and that defendants' conduct in requesting their attorney to demand a closing or forfeiture showed that defendants had elected not to treat plaintiffs' actions as a repudiation of the contract. The court thus ruled that plaintiffs were entitled to specific performance of the land sale agreement.

[1] On appeal, defendants contend that the 26 July 1985 letter constituted anticipatory repudiation as a matter of law, thus terminating defendants' liability under the contract. This contention is unsound for two reasons.

First, in order to constitute anticipatory repudiation, the words or conduct evidencing an intention to breach the contract must be a "positive, distinct, unequivocal, and absolute refusal" to perform the contract when the time fixed for performance arrives. *Messer v. Laurel Hill Associates*, 93 N.C. App. 439, 443, 378 S.E. 2d 220, 223 (1989) (quoting *Edwards v. Proctor*, 173 N.C. 41, 44, 91 S.E. 584, 585 (1917) ). In the case before us, plaintiffs did clearly

GORDON v. HOWARD

[94 N.C. App. 149 (1989)]

state in the letter that they did not want to purchase Lot 22. Equally clear, however, was their request for a refund of the $10,000 in earnest money. There was, therefore, no unequivocal and absolute refusal to perform the contract. The trial court properly found that plaintiffs' letter constituted an offer to withdraw from the contract which was conditioned upon a return of the earnest money.

Second, even if defendants would have been justified in treating the letter as a repudiation, they did not do so. As our Supreme Court stated in *Edwards v. Proctor,*

> [i]t may be observed, however, that the renunciation itself does not *ipso facto* constitute a breach. It is not a breach of the contract unless it is treated as such by the adverse party.

*Id.* at 44, 91 S.E. at 585 (quoting 6 Ruling Case Law § 385). The trial court found that, during the parties' October 1985 telephone conversation, defendants refused to return the earnest money and declared the parties to have a bona fide contract. The court further found that, in thereafter instructing their attorney to demand a closing, defendants had elected not to treat the letter as a repudiation of the contract. These findings are supported by the evidence and are binding on this Court. *Williams v. Pilot Life Ins. Co.,* 288 N.C. 338, 342, 218 S.E. 2d 368, 371 (1975). There being no repudiation by plaintiffs and, further, no breach, we hold that the trial court properly ruled that plaintiffs were entitled to specific performance.

[2] Defendants have also assigned error to that portion of the trial court's order awarding plaintiffs interest at the legal rate, on the earnest money deposit, from 1 November 1986 until delivery of a good and sufficient deed. We agree with defendants that an award of interest is inappropriate when the court has ordered specific performance and not monetary relief. *See* N.C. Gen. Stat. § 24-5 (1988).

We therefore affirm that portion of the judgment below ordering defendants to deliver a good and sufficient deed to plaintiffs. We vacate that portion of the order awarding interest on the earnest money deposit.

Affirmed in part; vacated in part.

Judges EAGLES .and GREENE concur.