MARROW v. MARROW

[118 N.C. App. 332 (1995)]

━━━━━━━━

EUNICE MARROW v. JAMES E. MARROW

No. 949DC382

(Filed 21 March 1995)

**Mortgages and Deeds of Trust § 44 (NCI4th)— defendant required to pay mortgages—deed with assumption clause— no agreement by plaintiff to relieve defendant of obligations**

The mere fact that a deed which contains an assumption clause purporting to impose personal liability upon the grantee has been executed and recorded is insufficient to raise the presumption that the grantee agreed to the provision; therefore, the

MARROW v. MARROW

[118 N.C. App. 332 (1995)]

trial court properly required defendant to make the mortgage payments on the parties' marital home pursuant to a divorce order, even though defendant, subsequent to the divorce, presented plaintiff with a deed to the home which contained an assumption clause; plaintiff accepted and recorded the deed; but there was no evidence that she agreed to assume the mortgages and relieve defendant of his obligations.

**Am Jur 2d, Mortgages § 1050.**

Appeal by defendant from judgment entered 9 November 1993 by Judge J. Larry Senter in Granville County District Court. Heard in the Court of Appeals 1 February 1995.

*Bobby W. Rogers, for plaintiff-appellee.*

*D. Lynn Whitted, for defendant-appellant.*

WYNN, Judge.

Plaintiff, Eunice Marrow, was granted a divorce from bed and board of defendant, James E. Marrow, on 7 April 1992. The divorce order, entered by Judge Pattie Harrison, contained the following provision concerning two mortgages on the marital home:

4. That the defendant shall pay the mortgage payment on said home in the sum of $435.00 per month and shall pay a second mortgage payment for aluminum siding on said home in the sum of $106.00 per month;

On 8 April 1993, defendant filed a verified complaint for an absolute divorce which was granted on 30 June 1993. Defendant's complaint contained the following allegation:

6. That during the marriage the [husband] and [wife] purchased personal property and as tenants-by-the-entirety, a house and lot known as 610 Roxboro Road, Oxford, Granville, North Carolina; whereupon [husband] verily believes the same would be considered marital property and therefore subject to equitable distribution; therefore [husband] does hereby judicially waive any further right, title and interest in the same and is willing to execute any and all documents whereupon the [wife] will have sole and free simple ownership in the real and personal property.

On 12 June 1993, defendant delivered a quitclaim deed to the marital home to plaintiff which she accepted and recorded. The deed contained the following clause:

> For in consideration of such transfer, GRANTEE [plaintiff] hereby agrees to assume any and all outstanding and existing Deeds of Trust or indebtedness on the subject property and to indemnify and hold the GRANTOR harmless on account of same.

In reliance upon this clause, defendant ceased making the mortgage payments. Plaintiff filed a motion for defendant to show cause why he should not be held in contempt on 21 October 1993. Defendant filed a motion in the cause requesting to be relieved of the obligation to pay the two mortgages. After a hearing, the trial court found that there was an arrearage of $4,410.28 on the mortgage on the house and an arrearage of $706.96 on the mortgage for the aluminum siding. The trial court found that while defendant could have believed he no longer had to make the mortgage payments by virtue of the deed he delivered to plaintiff, such a belief did not relieve him of his obligation. The trial court then ordered that defendant immediately pay both arrearages within thirty days or else be subject to incarceration for wilful contempt. From that order, defendant appeals.

---

Defendant argues that the trial court erred by ordering him to make the mortgage payments and by denying his motion to modify Judge Harrison's order requiring him to make the mortgage payments. We disagree.

Defendant was required by Judge Harrison's order to make the monthly payments for the mortgages on the parties' house and aluminum siding. Defendant agreed in his complaint for absolute divorce to transfer title to the property to plaintiff. In accordance with his promise, defendant delivered the deed to the property to plaintiff. This deed contained an assumption clause purporting to indemnify defendant from any liability for the mortgages. In his motion to modify Judge Harrison's order, defendant contends that plaintiff agreed to assume the mortgages as consideration for the transfer. The mere fact that a deed which contains an assumption clause purporting to impose personal liability upon the grantee has been executed and recorded is insufficient to raise the presumption that the grantee agreed to the provision. *Beaver v. Ledbetter*, 269 N.C. 142, 152 S.E.2d 165 (1967); *see Messer v. Laurel Hill Associates*, 93 N.C. App. 439, 378 S.E.2d 220 (1989). Defendant has not presented sufficient evidence that plaintiff agreed to assume the mortgages and relieve defendant of his obligations. Therefore, the trial court did not err by denying defendant's motion to modify Judge Harrison's order and by conclud-

**MARROW v. MARROW**

[118 N.C. App. 332 (1995)]

ing that defendant was still subject to that order. Accordingly, the judgment of the trial court is

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.